In the Matter of **PARENTAL RIGHTS OF SCN and NAN, minor children.**

**SC, Appellant (Petitioner),**

v.

**DN, Appellee (Respondent).**

**No. C–15.**

Supreme Court of Wyoming.

March 3, 1983.

Nancy E. Thornton, Casper, for appellant.

Richard H. Peek, Casper, for appellee.

Before ROONEY *, C.J., and RAPER, THOMAS, ROSE ** and BROWN, JJ.

RAPER, Justice.

We are called on, in this appeal, to review the district court's dismissal of a mother's petition to terminate a father's legal parent-child relationship with his children. The petition was brought by SC (appellant), the natural mother of two minor children, SCN and NAN, to terminate the legal parent-child relationship of the children's natural father (appellee), DN. Appellant brought the petition pursuant to § 14–2–308, et seq., W.S.1977, Cum.Supp.1982, entitled "Termination of Parental Rights," for the grounds contained in § 14–2–309(a)(i), W.S.1977, Cum.Supp.1982.[1] The following three issues are raised by appellant on appeal:

"1. Did the Court abuse its discretion in failing to consider all available information concerning Appellee, his ability to support his minor children, and his relationship with the minor children?

"2. Did the Court err in failing to consider the opinion of the Guardian Ad Litem in the exercise of discretion regarding the issue of support?

---

* Became Chief Justice on January 1, 1983.

** Chief Justice at time of oral argument.

1. Section 14–2–309, W.S.1977, Cum.Supp.1982, provides in pertinent part:
   "(a) The parent-child legal relationship may be terminated if any one (1) or more of the following facts is established by clear and convincing evidence:

   "(i) The child has been left in the care of another person without provision for the child's support and without communication from the absent parent for a period of at least one (1) year. In making the above determination, the court may disregard occasional contributions, or incidental contacts and communications."

"3. Are three support payments within a year sufficient to be considered support of a minor child?"

We will affirm.

Appellee and appellant were married in February 1971. Two children were born to the couple during their marriage—SCN was born in 1973 and NAN was born in 1974. During their marriage, the couple resided in Oklahoma near the home of appellee's parents. On March 1, 1979, appellee and appellant were divorced by a decree of divorce entered in the District Court of the Seventh Judicial District, Natrona County, Wyoming. At the time the divorce was granted, the children were placed in the custody of appellant, and appellee was ordered to pay $50 per month per child for their support. Appellee was awarded reasonable visitation rights to see his children. Appellant and her children have resided in Casper, Wyoming since the divorce.

Since the divorce appellee has resided in Oklahoma where, for the most of that time, he has lived with his parents. Appellee's children have only visited him twice there since the divorce—once for a few weeks during the summer of 1979, and then again for a few weeks during the summer of 1980. Appellee has made occasional phone calls to his children in the meantime. He has also sent his children cards and gifts at birthdays and at Christmas. The children were not allowed to visit their father in Oklahoma during 1981 because, although appellee had requested such a visit, appellant, on the advice of counsel, refused.

Appellee has not made regular child support payments since the divorce. As a result of his failure to make regular support payments, appellee was ordered by a district court in Oklahoma, pursuant to provisions of the Uniform Reciprocal Enforcement of Support Act, to pay the $100 per month support payment plus an additional $50 per month on the payments in arrears. Despite that court order, appellee's support payments continued to be irregular until the time this action commenced.

The district court found that during the one-year period preceding the commencement of this action, appellee made four monthly child support payments. Appellee claimed that his failure to make regular support payments resulted from his lack of income and his inability to keep and maintain employment; he testified at trial that he made payments whenever he was employed. There was a considerable amount of testimony detailing appellee's difficulties in the job market. He was unemployed for more time than he was employed.

On December 4, 1981, appellant filed the petition to terminate the legal parent-child relationship between appellee and the children, which is the subject of this appeal, for the grounds contained in § 14–2–309(a)(i), supra fn. 1. Appellee responded denying the grounds alleged by appellant and praying that appellant's petition be denied. Appellee, in his response, petitioned the district court to modify the original divorce decree to grant him specific visitation rights with his minor children.

After the action commenced, the district court ordered that social studies be conducted of both appellee and appellant in accordance with the provisions of § 14–2–314, W.S.1977, Cum.Supp.1982. Those studies were completed by the appropriate agencies in Casper, Wyoming and Frederick, Oklahoma and made part of the record for the court's consideration. The district court also appointed an attorney guardian ad litem to represent the interests of the minor children pursuant to § 14–2–312, supra. After both parties filed and had their motions for summary judgment disposed of, trial on appellant's petition was had before the district court on July 2, 1982. At trial, attorneys for appellant and appellee, as well as the guardian ad litem, made opening statements, presented evidence, cross-examined witnesses, and made final arguments. On July 16, 1982, the district court entered its judgment in the case dismissing appellant's petition and granting certain specific visitation rights to appellee. This appeal followed.

I

At trial, appellant attempted to present evidence of an alleged drug problem suffered by appellee. The court refused to admit such evidence because it was irrelevant to the specific proceedings before it. Appellant also unsuccessfully attempted to introduce a picture of appellee purportedly engaged in the act of preparing to smoke marijuana. The district court's failure to consider the aforementioned evidence, together with its failure to grant the appellant's petition based on evidence before the court of appellee's inability to obtain and keep a job, form the basis of appellant's first issue. Appellant contends essentially that the district court failed to consider the best interests of the children in reaching its decision.

Since this is only the second opportunity we have had to deal with the current termination of parental rights statutes—§ 14–2–308, et seq., supra—we turn for guidance to our earlier discussions under the current law's predecessors. See, *Matter of Parental Rights of PP,* Wyo., 648 P.2d 512 (1982). We have held that parental rights are fundamental rights and that the statutes aimed at terminating a parent's legal relationship with his/her children will be strictly construed. *Matter of Parental Rights of PP,* Id; *Matter of Adoption of CCT,* Wyo., 640 P.2d 73 (1982); *DS v. Dept. of Public Assistance and Social Services,* Wyo., 607 P.2d 911 (1980); *Matter of Adoption of Voss,* Wyo., 550 P.2d 481 (1976). This court has stated the standard of review we continue to adhere to as:

> " * * * [A]doption statutes [terminating the legal parent-child relationship] are strictly construed when the proceeding is against a non-consenting parent and every reasonable intendment is made in favor of that parent's claims. [Citations.]
> "There is a reason for that tenet. Paraphrasing * * *, the earliest and most hallowed of the ties that bind humanity, in all countries considered sacred, is the relationship of parent and child. * * * *"

*Matter of Adoption of Voss,* supra at 485; see, *Matter of Parental Rights of PP,*

supra; *DS v. Dept. of Public Assistance and Social Services,* supra; and *Matter of Adoption of CCT,* supra.

Prior to the enactment of the current termination-of-parental-rights statutes, the then-existing law was criticized as not creating clear standards to guide courts in determining whether or not parental rights should be terminated. *DS v. Dept. of Public Assistance and Social Services,* supra; 16 Land & Water L.Rev. 295 (1981). In apparent response to that criticism, the current law was enacted in 1981 to include § 14–2–309, supra, which contained four separate grounds for termination of the legal parent-child relationship. 1981 Wyoming Session Laws, ch. 102, § 1. That section gave the district court the discretion to terminate the legal parent-child relationship if any one or more of the four grounds were established by clear and convincing evidence. We are called on here to deal only with the first ground for termination—§ 14–2–309(a)(i), supra fn. 1. Our task is to determine whether, in view of the specific ground alleged by appellant, the district court acted within its discretion in rejecting the evidence at issue as irrelevant to the proceedings. We further must determine whether, in view of the evidence received, the district court acted within its discretion in denying appellant's petition.

In general, when we are called on to review the propriety of a district court's exercise of discretion, our review is limited to the question of whether there was an abuse of that discretion. That is so in cases dealing with the termination of parental rights. *Matter of Adoption of CCT,* supra. We said in that case that:

> "A court does not abuse its discretion unless it acts in a manner which exceeds the bounds of reason under the circumstances. In determining whether there has been an abuse of discretion, the ultimate issue is whether or not the court could reasonably conclude as it did. An abuse of discretion has been said to mean an error of law committed by the court under the circumstances. * * * *" *Mar-*

*tinez v. State,* Wyo., 611 P.2d 831, 838 (1980).

Clearly, as pertains to evidentiary questions, a district court's decision on the relevancy and materiality of evidence is within its sound discretion and will be upheld absent the showing of a clear abuse of discretion. *Weathers v. State,* Wyo., 652 P.2d 970 (1982); *Taylor v. State,* Wyo., 642 P.2d 1294 (1982).

Section 14–2–309(a)(i), supra fn. 1, allows the court the discretion to terminate a parent's rights if it is shown by clear and convincing evidence that:

> "(i) The child has been left in the care of another person without provision for the child's support and without communication from the absent parent for a period of at least one (1) year. In making the above determination, the court may disregard occasional contributions, or incidental contacts and communications."

That provision does not call upon the district court to consider matters having to do with the best interests of the child other than those specifically contained therein, i.e., matters having to do with support and communication. Under our rule requiring strict construction of the statute, it would be error for the district court to consider any ground not specifically included in the statute as a basis for terminating a parent's legal relationship with his/her children. The specific grounds in this subsection have to do with support and communication. We cannot find where the court abused its discretion, in this instance, in refusing to hear or consider evidence of appellee's alleged drug problems. As to appellee's joblessness, the district court properly considered that fact, but in its discretion failed to terminate appellee's parental rights on that basis. The court apparently felt that, under the circumstances, appellee's joblessness

alone was an insufficient basis for severing the parent-child relationship. We agree.

We note that the best interests of the children are not considered in the same light in § 14–2–309(a)(i), supra, that they are in § 14–2–309(a)(iii) where neglect and abuse are also considered. In this case the children are in the custody of appellant and not appellee, so neglect and abuse were not at issue. In § 14–2–309(a)(i), supra, the court can only consider the best interests of the children as those interests relate to support and communication and then termination is left to the court's discretion. Appellant fails to call our attention to anything that would indicate the district court abused its discretion. Therefore, we hold that the trial court did not abuse its discretion in ruling on the evidence at issue or in the decision it reached considering the evidence that was before it.

## II

Appellant next argues that the district court erred in not considering the recommendation of the guardian ad litem appointed to represent the interests of the minor children in reaching its decision. Appellant informs us that in its unreported closing remarks the district court stated it would not consider the recommendations of the guardian ad litem in reaching its decision. Rule 4.03, W.R.A.P.[2] provides a method of reconstructing unreported portions of a proceeding so that we have a record with which to consider. The procedure provided in Rule 4.03, W.R.A.P. was not followed in this case; therefore, we are without a record to consider or upon which we can make a decision. Without an acceptable record of what the court said, we are unable to rule on this issue. This court has held that it will not consider any matter upon which the record is silent. *Mountain Fuel Supply Co.*

---

**2.** Rule 4.03, W.R.A.P., provides:

"If no report of the evidence or proceedings at a hearing or trial was made, or if a transcript is unavailable, the appellant may prepare a statement of the evidence or proceedings from the best available means, including his recollection. The statement shall be served on the appellee, who may serve objections or propose amendments thereto within ten (10) days after service. Thereupon the statement and any objections or proposed amendments shall be submitted to the district court for settlement and approval and as settled and approved shall be included by the clerk of the district court in the record on appeal."

*v. Emerson,* Wyo., 578 P.2d 1351 (1978). We continue to so hold.

## III

The final issue raised by appellant would have us rule as a matter of law that the number of monthly support payments made by appellee was insufficient to allow the district court to rule as it did in favor of appellee. Essentially, appellant argues that it was an abuse of discretion to dismiss her petition in view of the fact that appellee had only made four monthly support payments in the year preceding the filing of the petition.[3] We disagree.

Appellant cites as authority for her proposition our decision in *Matter of Adoption of CCT,* supra, 640 P.2d at 73. In that case, we were faced with an action brought to terminate a father's legal relationship with his children under the provisions of § 1–22–110(a), W.S.1977—Wyoming's adoption-without-parental-consent statute. There, the mother alleged, among other things, that the nonconsenting father had willfully failed to contribute to the support of his minor children for the one-year period prior to the filing of the petition for adoption. We upheld the district court's decision to grant the adoption for, among other reasons, the father's willful failure to pay any support payment in the year immediately preceding the filing of the adoption petition.

■■■ The only other authority cited by appellant on this issue dealt with cases where parental rights had been terminated by the use of adoption-without-consent statutes. *In re Adoption of Infants Reynard,* 252 Ind. 632, 251 N.E.2d 413 (1969); *In re Ackenhausen,* 244 La. 730, 154 So.2d 380 (1963). In both of those cases, the courts upheld adoptions where the nonconsenting parents had failed to make all but token portions of court-ordered support payments without excuse or justification. Even disregarding the fact that neither case is legally

on point, we note that, in viewing the facts as we must in the light most favorable to appellee, *Matter of Parental Rights of PP,* supra, the instant case is distinguishable on its facts. Appellee has set out his employment difficulties as the cause of his irregularity in making support payments which the district court could take into account in exercising its discretion.

■■■ In the instant case, we are not dealing with an attempt to terminate appellee's parental rights under the adoption-without-consent statute. We are called on and must deal with the particular statute relied upon by appellant in her petition—§ 14–2–309(a)(i), supra. We are reminded at this point that, in the absence of ambiguity, the plain language of the statute controls in determining that statute's meaning. *People v. Fremont Energy Corp.,* Wyo., 651 P.2d 802 (1982); *Board of County Commissioners of County of Campbell v. Ridenour,* Wyo., 623 P.2d 1174 (1981). To terminate parental rights under § 14–2–309(a)(i), supra, the district court must decide, for purposes of this discussion, that a minor child has been "left * * * without provision for the child's support." Under § 1–22–110(a)(iv), supra, the district court has discretion to grant an adoption without consent if it finds a willful failure on the part of the nonconsenting parent to support for the year preceding the petition. Where, under the adoption statute, a court may exercise its discretion and decide that the failure to make a certain number of monthly support payments is sufficient reason to terminate parental rights by granting adoption, that is not the standard under § 14–2–309(a)(i), supra. Under § 14–2–309(a)(i) the court must determine whether the child has been left without provision for support rather than whether a parent has willfully failed to support the child.

■■■ The facts in this case indicate that the two minor children were placed in the custody of appellant by the court that

---

**3.** Appellant's third issue indicates appellee had only made three support payments, but the district court specifically found that appellee had made four support payments. We will use the district court's specific findings.

granted the divorce. The children were not left in appellant's care by appellee. Further, the same order that placed the children in appellant's custody also provided for their support by ordering appellee to make monthly support payments. In view of those facts, the fact that appellee failed to make all but four monthly support payments is not relevant here where the court could not get past the threshold question presented in the statute. Appellee's failure to pay regularly would be relevant under an adoption-without-consent proceeding or in an action to compel payment, but not here where the children have been placed in one parent's custody and the action to terminate parental rights is against the non-custodial parent. To hold otherwise would ignore our rule of strict construction in these cases and would allow § 14–2–309(a)(i) to be used in a manner for which it was not intended.

For the aforementioned reasons, we are unable to hold that the district court abused its discretion by dismissing appellant's petition in the face of appellee's failure to make all but four monthly support payments in the year preceding the petition. Therefore, we uphold the district court's dismissal of appellant's petition to terminate the legal parent-child relationship between appellee and his two children.

Affirmed.