**Margaret Mary WOOD, Appellant (Plaintiff),**

v.

**Ernest Lee WOOD, Appellee (Defendant).**

No. 93–67.

Supreme Court of Wyoming.

Dec. 17, 1993.

Rehearing Denied Jan. 12, 1994.

Patrick M. Hunter, Casper, for appellant.

Lawrence E. Middaugh, Casper, for appellee.

Before MACY, C.J., and THOMAS, CARDINE, GOLDEN and TAYLOR, JJ.

TAYLOR, Justice.

This appeal, from an unreported hearing, follows a decision adverse to appellant in a dispute over allegedly delinquent child support payments. We dismiss because of the failure to settle the record on appeal as required by the Wyoming Rules of Appellate Procedure.

Appellant, Margaret Mary Wood (Margaret), filed a petition on October 1, 1992 seeking to hold her former husband, appellee, Ernest Lee Wood (Ernest), in contempt of court for allegedly being delinquent in the payment of $7,400.00 for child support. The district court conducted a hearing and found that Margaret had failed to prove her allegations by a preponderance of the evidence. The hearing was unreported.

Margaret brought this appeal claiming error in the allocation of the burden of proof at the hearing. In an attempt to create a record on appeal, Margaret filed a "Statement of Evidence and Proceedings" under W.R.A.P. 3.03. The statement included an account of testimony at the hearing and documents, some of which had apparently been received into evidence. Ernest filed a number of proposed amendments to the statement of evidence.

The record on appeal is fundamental to the exercise of appellate review because this court does not act as a fact finder. *Gifford v. Casper Neon Sign Co., Inc.,* 618 P.2d 547, 551 (Wyo.1980). *See* W.R.A.P. 3.01 (defining contents of record on appeal). When a proceeding is reported and transcribed, the appellant may assert error in the findings or conclusions of the district court. W.R.A.P. 3.02. The Wyoming Rules of Appellate Procedure specify a means of providing a record on appeal to support claims of error when a proceeding is unreported:

> If no report of the evidence or proceedings at a hearing or trial was made, or if a transcript is unavailable, appellant may prepare a statement of the evidence or proceedings from the best available means including appellant's recollection. The statement shall be served on appellee, who may serve objections or propose amendments within 15 days after service. *The statement and any objections or proposed amendments shall be submitted to the trial court for settlement and approval and as settled and approved shall be included by the clerk of the trial court in the record on appeal.*

W.R.A.P. 3.03 (emphasis added).

Appellant bears the burden to bring a sufficient record to this court upon which a decision can be based. *Scherling v. Kilgore,* 599 P.2d 1352, 1357 (Wyo.1979). Appellant has failed in this instance to follow the dictates of our procedure. The statement of evidence and the proposed amendments offered by the parties were not settled and approved and included in the record on appeal. W.R.A.P. 3.03.

Without a settled record of the proceedings at the hearing, we are unable to consider this appeal and order it dismissed. *Korkow v. Markle,* 746 P.2d 434, 435 (Wyo.1987); *Sharp v. Sharp,* 671 P.2d 317, 318 (Wyo. 1983); *Matter of Parental Rights of SCN,* 659 P.2d 568, 572 (Wyo.1983).

Dismissed.

MACY, Chief Justice, dissenting.

I dissent. Although the record on appeal is not a model of completeness, it is, together with that part of the record which is settled, adequate to reveal that the appellee was ordered to pay child support to the appellant through the Clerk of the District Court in Natrona County, Casper, Wyoming, and that the appellee made no payments in that manner. That is sufficient to carry the burden of proof for the appellant to show nonpayment. It was then incumbent upon the appellee to present documentary proof of payment of all the support ordered by the court.

I would reverse and remand with directions that judgment be entered in favor of the appellant for all the child support she claims is unpaid, less credit to the appellee for only those amounts for which he can produce documentary proof of payment. Wyo.Stat. § 20-2-113(g) (Supp.1993) dictates that child support payments be made to the appellant through the clerk of the district court, and that requirement cannot be dispensed with by a mere agreement of the parties. The purpose of this statutory provision is to avoid the costly and time-consuming court action and appeal which have taken place in this instance.