**In the Matter of the Worker's Compensation Claim of Deana R. MOLLER, an employee of Graham Dietz & Associates, Appellant (Petitioner),**

v.

**STATE of Wyoming ex rel. WYOMING WORKERS' SAFETY AND COMPENSATION DIVISION, Appellee (Respondent).**

No. 00–32.

Supreme Court of Wyoming.

Oct. 26, 2000.

Representing Appellant: Ronald E. Triggs, Cheyenne, WY.

Representing Appellee: Gay Woodhouse, Wyoming Attorney General; John W. Renneisen, Deputy Attorney General; Gerald W. Laska, Senior Assistant Attorney General; Bernard P. Haggerty, Senior Assistant Attorney General.

Before LEHMAN, C.J., and THOMAS, GOLDEN, HILL, and KITE, JJ.

GOLDEN, Justice.

This case, certified under W.R.A.P. 12.09(b), requires we determine whether *State ex rel. Wyoming Workers' Compensation Div. v. Gerdes*, 951 P.2d 1170 (Wyo. 1997), prohibits denial of a reimbursement claim solely for failure to comply with the Division's procedural rules. Appellant Deana R. Moller's claim for reimbursement of prescribed items was denied because she failed to comply with Division rules. She contends that her noncompliance did not prejudice the Division and her claim should be paid.

We affirm the denial.

## ISSUES

Moller presents this issue for our review:

Did the Office of Administrative Hearings err in affirming the decision of the Wyoming Workers' Compensation Division in rejecting the claim for reimbursement for a medically prescribed hot tub and mattress, solely predicated on the failure of Appellant to seek prior approval and/or to seek timely reimbursement, without a showing of prejudice to the Division?

The Division presents these issues for our review:

I. The Employee's petition for review was not filed in either the district where the agency action was taken or the district where she resides. Should the Court dismiss for lack of subject matter jurisdiction?

II. The Employee bought a mattress and a hot tub without preapproval, and she failed to seek reimbursement within the deadline set by the Division's Rules. Was the Hearing Examiner's denial of benefits supported by substantial evidence, within her discretion and in accordance with law?

## FACTS

Because of the nature and extent of her work in the period November, 1991, to October, 1993, Moller suffered the work-related injuries of thoracic outlet syndrome and carpal tunnel syndrome. Since that time, she has undergone several surgeries and experiences chronic pain. In 1997, her physicians advised that a new mattress and hot tub would help alleviate her pain, and she purchased both items. After her purchase, she received physician prescriptions for both, and made inquiries with the Division about reimbursement. The Division claimed that it sent her forms for reimbursement; however, Moller claimed she did not receive them and she did not file for reimbursement until two years later on August 5, 1999.

The Division denied the reimbursement claim because its rules classify these items as personal items and require that a claimant receive pre-approval before purchasing and then submit claims within ninety days after purchase. In 1996, Moller had been advised by the Division that it did not preauthorize, authorize, preapprove or deny prior to services being provided. Contending that the Division caused her to fail to seek pre-approval and reimbursement, Moller objected to the denial; however, following a contested case hearing, the denial was upheld because Moller had not used due diligence in pursuing her claim for reimbursement, had waited for two years without explanation, and her purchase was not pre-approved. The district court certified this appeal pursuant to W.R.A.P. 12.09(b).

## DISCUSSION

### Standard of Review

■ Pursuant to W.R.A.P. 12.09, our review of the hearing examiner's decision is governed by Wyo.Stat.Ann. § 16–3–114(c)(ii)(A) (LEXIS 1999), which requires a reviewing court to [h]old unlawful and set aside agency action, findings and conclusions found to be ... [a]rbitrary, capricious, an abuse of discretion or otherwise not in accordance with law[.] The issue on appeal presents a question of law. If the hearing examiner's conclusions of law are correct, its decision will be affirmed. *Gerdes,* 951 P.2d at 1173.

■ As a preliminary matter, the Division contends this appeal should be dismissed because Moller filed her petition for review in the district court where the injury occurred rather than in compliance with Wyo. Stat.Ann. § 16–3–114(a) (LEXIS 1999). The district court determined that this case presented a matter of great public importance, certified this case to us pursuant to W.R.A.P. 12.09, and we examine the decision of the administrative agency as if we were the reviewing court of the first instance. *Ahlenius v. Wyoming Bd. of Professional Geologists,* 2 P.3d 1058, 1060 (Wyo.2000). Because we review as a court of first instance in this case, we have little concern about the location in which Moller filed her petition for review. She obviously sought review in a district court, and that court passed the review on to us. Were we to dismiss on the ground raised by the Division, we are certain that Moller would soon seek our review using other avenues. Although infrequently done, at times it is more efficient administration of justice to cut to the chase, rather than require litigants to jump through hoops.

### Barring Claims for Violating Procedural Requirements

Definitions for terms used in the Wyoming Workers' Compensation Act are found in Wyo.Stat.Ann. § 27–14–102, where we find this pertinent definition:

(xii) **Medical and hospital care** when provided by a health care provider **means any reasonable and necessary** first aid, medical, surgical or hospital service, **medical and surgical supplies**, apparatus, essential and adequate artificial replacement, body aid during disability or treatment of an employee pursuant to this act including the repair or replacement of any preexisting artificial replacement, hearing aid, prescription eyeglass lens, eyeglass frame, contact lens or dentures if the device is damaged or destroyed in an accident **and any other health services or products authorized by rules and regulations of the division. Medical and hospital care does not include any personal item,** auto-

mobile or the remodeling of an automobile or other physical structure, public or private health club, weight loss center or aid, experimental medical or surgical procedure, item of furniture or vitamin and food supplement **except as provided under rule and regulation of the division** and paragraph (a)(i) of this section for disabilities requiring the use of wheelchairs.

Wyo.Stat.Ann. § 27–14–102(a)(xii) (Michie 1991) (emphasis added).

The Division's promulgated rule applied by the hearing examiner reads in part:

(g) *Medical and Hospital Care.* The following items are considered personal items and not compensable medical care unless the items are: (1) expressly prescribed by the treating physician, who certifies that the item is necessitated solely by the compensable injury and is likely to a reasonable degree of medical certainty to improve or alleviate the worker's condition, and is less costly than reasonably available alternatives; and, (2) approved in advance by the division:

\* \* \*

(ii) Hot tubs, spas or any other devices wherein water is heated and/or circulated;

\* \* \*

(viii) Hospital beds or mattresses for use in the home.

Wyoming Workers' Compensation Rules, Regulations, and Fee Schedules, Ch. 1, § 4(g) (Jan.1997). Additionally, the hearing examiner applied the Division's rule that

reimbursement for medical expenses will only be considered if filed with the division within ninety (90) days from the date the services were provided.

Wyoming Workers' Compensation Rules, *supra,* Ch. 6, § 1(d)(ii) (Jan.1997).

■ Moller contends that her failure to comply with these procedural requirements cannot bar payment of her claim unless the Division was prejudiced by her lack of pre-approval and her delay. Assertedly, *Gerdes* supports this contention because it permitted payment of retroactive benefits despite a failure to comply with the Division's procedural requirements. Gerdes was awarded temporary total disability benefits for the period that her contested case hearing was pending. *Gerdes,* 951 P.2d at 1173. The Division appealed, claiming that she had not met the statutory filing requirements set forth in Wyo.Stat.Ann. § 27–14–404(d). *Id.* The statute was silent with respect to the time period a contested case hearing was pending, and we decided that the legislature did not intend a strict application of the statute because that

would serve only to burden a claimant with the attendant costs of continued certification, even though the Division has predetermined that these costs are not compensable. Thus, the application of the procedural requirements found in Article 4 of the Wyoming Worker's Compensation Act during the pendency of a contested case does not further efficient service to an injured claimant, but rather prevents a meritorious claim from being decided based on the merits of the case.

*Gerdes,* 951 P.2d at 1175. In reaching that conclusion, *Gerdes* examined whether the Division would be prejudiced by retroactively awarding benefits. Moller contends that this examination established precedent that the Division's procedural rules cannot bar a claim unless the Division shows prejudice.

To further support her contention that we do not allow Division procedural requirements to bar retroactive benefits, she also relies upon *Wright v. State ex rel. Workers' Safety & Compensation Div.,* 952 P.2d 209, 210–14 (Wyo.1998). *Wright* granted retrospective benefits for permanent disability after determining that the silence of Wyo.Stat. Ann. § 27–14–403(g) did not preclude such an award. *Wright,* 952 P.2d at 211–12. We found it appropriate to apply the rule of liberal construction of the statute in favor of the claimant when the statute at issue is silent as to the issue presented and precedes the legislature's 1994 amendment to Wyo. Stat.Ann. § 27–14–101(b), the statement of intent of the workers' compensation statutes. *Id.* at 212. Moller contends that liberally construing the statute in her favor entitles her to retroactive reimbursement.

Both *Gerdes* and *Wright* applied rules of statutory construction to ambiguous statutes and the rationales employed in those decisions do not apply to Moller's failure to seek pre-approval. Unlike the silent statutes at issue in *Gerdes* and *Wright*, the applicable statute in Moller's situation is not silent. It unambiguously states that personal items are not included in the definition of medical and hospital care and, therefore, does not present a situation where we must search out legislative intent or engage in liberal construction. *Gerdes* and *Wright* determined that supporting the Division's position meant defeating legislative intent to pay employee disability claims without a showing that the Division would suffer adversely. Moller's case differs. Here, the statute defines personal items and specifies that personal items are not considered medical and hospital care except as provided by rule. Plainly the statute intends to prohibit payment of personal items unless the Division promulgates rules and regulations ensuring limited payments for personal items that are exclusively for medical care.

By expressly excluding personal items unless the Division chooses to promulgate rules authorizing their purchase and reimbursement, the legislature has plainly evidenced an intent that the Division control purchases of personal items. Wyo.Stat.Ann. § 27–14–102(a)(xii) (Michie 1991). Accordingly, the Division has promulgated rules allowing reimbursement for personal items under certain conditions, and Moller failed to comply with those conditions. As argued at Moller's contested case hearing, the Division's procedural requirement of pre-approval ensures that the least expensive alternative available is purchased. Moller's failure to seek pre-approval deprived the Division of that control to its prejudice, violating statutory intent. *See Hemme v. State ex rel. Wyoming Workers' Compensation Div.,* 914 P.2d 824, 828 (Wyo.1996) (Division chose the hot tub to be purchased in accordance with doctor's prescription). Although Moller does not distinguish between the pre-approval requirement and the ninety-day time limit requirement, we do distinguish between them because Moller's failure to obtain approval before her purchase prejudiced the Division, and she is not entitled to reimbursement.

Although that conclusion is dispositive of her appeal, we do note that the failure to meet the ninety-day limit may very well result in a different conclusion. Moller argues that the Division does not have statutory authority to impose a ninety-day limit. The Division contends that if Wyo.Stat.Ann. § 27–14–102(a)(xii) does not unambiguously permit imposing time limits, then Moller was bound by the thirty-day deadline in Wyo. Stat.Ann. § 27–14–501(d). We disagree with the Division's contention that either of these statutes authorizes the Division to impose an absolute ninety-day time limit. Section 102 defines terms and specifies that personal items are not considered medical and hospital care except as provided by rule. We have difficulty with the position that a definitional statute authorizing the Division to promulgate rules for the purpose of redefining personal items as medical and hospital care extends to authority to impose a ninety-day time requirement without qualification. The statute makes no mention of a ninety-day time limit in order to achieve legislative intent. Section 501 does not provide authority for a ninety-day time requirement because it plainly applies to health care providers and not to an employee. That section provides that failing to meet its time requirements may result in denial, and Section 501 uses the term services as does the Division's rule that it applied to Moller although she purchased a product. The Division does not explain how such a limited reimbursement time period assists in ensuring that personal items are medically necessary care and costs are controlled. It also does not explain how barring claims without exception for failing to comply with the ninety-day time requirement complies with the statute's use of the term may. The parties do not provide further argument on the issue, and we decline to further examine it because it will not change the result for Moller. The order denying the reimbursement claim is affirmed.