2006 WY 74

**In the Interest of ANO.**

**SLB, Appellant (Petitioner),**

v.

**JEO, Appellee (Respondent).**

No. C–05–13.

Supreme Court of Wyoming.

June 23, 2006.

clear and convincing evidence the child has been left in the care of another person without provision for the child's support and without communication from the absent parent for a period of at least one year. Following a trial, the district court entered an order denying the petition on the ground no showing was made JEO left the child in SLB's care without provision for the child's support as required by § 14–2–309(a)(i). Rather, the district court concluded, the child was placed in SLB's custody by court order following a divorce proceeding, which also provided for support by ordering JEO to make monthly support payments. In reaching this result, the district court cited *In the Matter of Parental Rights of SCN and NAN*, 659 P.2d 568, 573–74 (Wyo.1983) as controlling law. SLB appeals the district court's order, claiming *SCN* should be overruled. We decline to overrule *SCN* and affirm the district court's order.

## ISSUES

[¶ 2]   SLB presents the following issue for our review:

> Did Appellant–Mother demonstrate that Appellee–Father made only occasional support contributions; had only incidental communication; and that the child had been "left in the care of another without provision for support and without communication from the absent parent for a period of at least one (1) year" under Wyo. Stat. § 14–2–309(a)(i)?

JEO states the issues as follows:

> I.   Whether the district court abused its discretion in applying the Wyoming Supreme Court precedent from *In re Parental Rights of SCN*, in holding that Appellant failed to meet the threshold requirement of showing that Appellee placed his daughter in the care of another without provision for the child's support under Wyo. Stat. Ann. § 14–2–309(a)(i)?
>
> II.  Whether a child in the legal and physical custody of a parent pursuant to a divorce decree and for whom child support payments are being made by a third party due to the

---

Representing Appellant: Ann M. Rochelle of Shively, Taheri & Rochelle, PC, Casper, Wyoming.

Representing Appellee: John M. Burman, Faculty Director; John D. Chambers, Student Intern; UW Legal Services Program, Laramie, Wyoming.   Argument by Mr. Chambers.

Guardian Ad Litem: Jacqueline K. Brown, Casper, Wyoming.

Before HILL, C.J., and GOLDEN, KITE, VOIGT, and BURKE, JJ.

KITE, Justice.

[¶ 1]   Mother (SLB) filed a petition to terminate biological father's (JEO) parental rights to the child (ANO) pursuant to Wyo. Stat. Ann. § 14–2–309(a)(i) (LexisNexis 2005), which allows termination of the parent-child relationship upon a showing by

impossibility/inability of the non-custodial parent to earn money, has been "supported" under Wyo. Stat. Ann. § 14–2–309(a)(i)?

III. Whether a parent seeking to terminate the parental rights of the other parent for failure to communicate for a period of at least one (1) year who is complicit in the interference with such communication attempts can prevail under Wyo. Stat. Ann. § 14–2–309(a)(i)?

The guardian ad litem appointed to represent ANO joined in the brief filed by SLB.

## FACTS

[¶ 3] SLB and JEO were married and had one child, ANO, born February 23, 1998. The couple divorced on June 4, 1999. The decree awarded SLB sole custody of ANO, ordered JEO to make monthly child support payments and allowed JEO visitation with the child.

[¶ 4] On November 8, 2004, SLB filed a petition for termination of JEO's parental rights. As grounds for the petition, SLB alleged ANO had been left in her care without provision for support or communication from JEO for a period of at least one year as provided in § 14–2–309(a)(i). JEO filed a response to the petition in which he denied leaving the child in her mother's care without provision for support or communication for a year.

[¶ 5] On April 20, 2005, the district court held a trial on the petition. Both parties presented evidence and argument. The district court issued a decision letter finding JEO had not exercised visitation, had only limited contact with ANO since September of 2002, and was in arrears on his child support payments. However, citing *SCN,* the district court concluded JEO did not leave the child in SLB's care without provision for support as required by § 14–2–309(a)(i). Rather, the district court concluded the child was placed in SLB's care by a Colorado divorce court which awarded her custody of the child and ordered JEO to pay child support. The district court stated: "The fact that [JEO] either failed to or was unable to pay that child support (or, for that matter, unable to maintain regular communication with [ANO]) is not relevant in light of this Court's inability to get past the first prong in the analysis of § 14–2–309(a)(i)." In conformity with its decision letter, the district court entered an order denying the petition for termination of JEO's parental rights.

## STANDARD OF REVIEW

[¶ 6] SLB asks this Court to overrule a holding of a prior case. In considering whether to overrule a prior decision, we have said:

> We consider the doctrine of *stare decisis* to be an important principle which furthers the "evenhanded, predictable, and consistent development of legal principles, fosters reliance on judicial decisions, and contributes to the actual and perceived integrity of the judicial process."
>
> Nevertheless, we should be willing to depart from precedent when it is necessary "to vindicate plain, obvious principles of law and remedy continued injustice." When precedential decisions are no longer workable, or are poorly reasoned, we should not feel compelled to follow precedent. *Stare decisis* is a policy doctrine and should not require automatic conformance to past decisions.

*Goodrich v. Stobbe,* 908 P.2d 416, 420 (Wyo. 1995) (citations omitted).

[¶ 7] When reviewing decisions terminating parental rights, we apply the following standards:

> Due to the tension between the fundamental liberty of familial association and the compelling state interest in protecting the welfare of children, application of statutes for termination of parental rights is a matter for strict scrutiny. As part of this strict scrutiny standard, a case for termination of parental rights must be established by clear and convincing evidence. Clear and convincing evidence is that kind of proof that would persuade a trier of fact that the truth of the contention is highly probable. Rigorous though this standard may be, we apply our traditional principles of evidentiary review when a party challenges the sufficiency of the evidence supporting termination. Thus, we examine

the evidence in the light most favorable to the party prevailing below, assuming all favorable evidence to be true while discounting conflicting evidence presented by the unsuccessful party.

*SLJ v. Dep't of Family Serv.*, 2005 WY 3, ¶ 19, 104 P.3d 74, 79–80 (Wyo.2005).

[¶ 8] Resolution of the issues *SLJ* presents also requires application of our standards for interpreting statutory language:

We look first to the plain and ordinary meaning of the words to determine if the statute is ambiguous. A statute is clear and unambiguous if its wording is such that reasonable persons are able to agree on its meaning with consistency and predictability. Conversely, a statute is ambiguous if it is found to be vague or uncertain and subject to varying interpretations. Ultimately, whether a statute is ambiguous is a matter of law to be determined by the court.

When a statute is sufficiently clear and unambiguous, we give effect to the plain and ordinary meaning of the words and do not resort to the rules of statutory construction. Instead, our inquiry revolves around the ordinary and obvious meaning of the words employed according to their arrangement and connection. In doing so, we view the statute as a whole in order to ascertain its intent and general purpose and also the meaning of each part. We give effect to every word, clause and sentence and construe all components of a statute in pari materia.

We endeavor to interpret statutes in accordance with the legislature's intent. When examining a statute, we presume that the legislature enacts legislation with full knowledge of existing law and with reference to other statutes and decisions of the courts. Such legislation should, therefore, be construed in a way that creates a consistency and harmony within the existing law.

*SLJ*, ¶ 20, 104 P.3d at 80.

[¶ 9] Finally, we review a district court's decision concerning the termination of parental rights for abuse of discretion. *SCN*, 659 P.2d at 571. In determining whether there has been an abuse of discretion, the ultimate question is whether or not the court could reasonably conclude as it did. *Id.*

## DISCUSSION

[¶ 10] SLB contends the district court's ruling enables a parent who does not care for, has no communication with and contributes nothing to the support of his or her child to avoid termination of his or her parental rights even though those three factors constitute grounds for termination under Wyoming law. To the extent *SCN* supports this result, SLB urges this Court to overrule it. Whether or not we choose to overrule precedent, SLB asserts we have not always followed *SCN* in other cases and should not follow it now. JEO contends the district court properly applied *SCN* and there is no reason for this Court to overrule *SCN*.

[¶ 11] We begin our discussion by looking at applicable Wyoming statutory law and the cases applying it. Section 14–2–309(a)(i), the provision upon which SLB relied in her petition for terminating JEO's parental rights, provides as follows:

§ 14–2–309. **Grounds for termination of parent-child relationship; clear and convincing evidence.**

(a) The parent-child relationship may be terminated if any one (1) or more of the following facts is established by clear and convincing evidence:

(i) the child has been left in the care of another person without provision for the child's support and without communication from the absent parent for a period of at least one (1) year. In making the above determination, the court may disregard occasional contributions, or incidental contacts and communications;

Pursuant to this provision, parental rights may be terminated if clear and convincing evidence shows: 1) the child has been left in the care of another; 2) without provision for support; and 3) without communication from the absent parent for at least one year. This

provision was at issue in *SCN,* just as it was the focus of the petition and order here.

[¶ 12] In *SCN,* the Court was asked to review a district court's dismissal of a termination petition filed by mother on the basis of father's lack of support and communication. There, as in the present case, the parents were divorced, mother was awarded custody and father was ordered to pay child support. Mother claimed father only made three child support payments and had only incidental contact with the child in the year preceding the termination action. On appeal from the district court's dismissal of her petition, mother claimed three child support payments by father within one year did not qualify as support under § 14–2–309(a)(i). This Court affirmed the district court's order dismissing the petition, stating:

> To terminate parental rights under § 14–2–309(a)(i), the district court must decide . . . that a minor child has been "left * * * * without provision for the child's support."

> The facts in this case indicate that the two minor children were placed in the custody of [mother] by the court that granted the divorce. The children were not left in [mother]'s care by [father]. Further, the same order that placed the children in [mother]'s custody also provided for their support by ordering [father] to make monthly support payments. In view of those facts, the fact that [father] failed to make all but four [1] monthly support payments is not relevant here where the court could not get past the threshold question presented in the statute. [Father]'s failure to pay regularly would be relevant under an adoption-without-consent proceeding or in an action to compel payment, but not here where the children have been placed in one parent's custody and the action to terminate parental rights is against the non-custodial parent. To hold otherwise would ignore our rule of strict construction in these cases and would allow § 14–2–309(a)(i) to be used in a manner for which it was not intended.

*SCN,* 659 P.2d at 573 (footnote added). On this basis, we held the district court did not abuse its discretion in dismissing the termination petition. SLB asks us to overturn this holding, arguing it thwarts the purpose of the termination statutes because it allows a parent who does not care for, support or communicate with his child for at least one year to retain his parental rights despite the clear statutory intent to allow termination of parental rights under those circumstances.

[¶ 13] We agree with the interpretation of the phrase "left in the care of another" and decline the invitation to overrule *SCN.* The phrase "left in the care of another" as used in § 14–2–309(a)(i) suggests an element of control or action on the part of the absent parent, an element that is not present when the parents divorce and the divorce court awards custody to one of them. In *SCN,* the child was not "left in the care of another" but was placed in the custody of one parent as a result of a custody determination in a divorce proceeding. Under these circumstances, the mother was unable to show clear and convincing evidence the child was "left in the care of another" as the provision requires. Thus, dismissal of the petition was proper.

[¶ 14] The legislature appears to have concurred with this interpretation. When this Court interprets a statute and the legislature makes no material legislative change in the provision thereafter, the legislature is presumed to acquiesce in the Court's interpretation. *Bridle Bit Ranch Co. v. Basin Elec. Power Co-op.,* 2005 WY 108, ¶ 22, 118 P.3d 996, 1008 (Wyo.2005). If this Court incorrectly interpreted the legislature's intent, "legislative action to clarify the statutes and correct the court's decision would seem a likely result." *Albertson's, Inc. v. City of Sheridan,* 2001 WY 98 ¶ 21, 33 P.3d 161 (Wyo.2001). Although the legislature has amended § 14–2–309 at various times, it has not changed subsection (a)(i). Absent some indication to the contrary from the legislature, we presume the Court correctly applied the provision in *SCN* and we will not overrule the decision.

---

1. Mother claimed father made only three child support payments. The district court concluded

he made four support payments.

[¶ 15] In the alternative, SLB asserts we have not consistently applied *SCN* in subsequent cases and should not do so now. She cites *EBH v. Hot Springs Dep't. of Fam. Serv.*, 2001 WY 100, ¶ 18, 33 P.3d 172, 180 (Wyo.2001) and *SLJ*, ¶ 25, 104 P.3d at 81–82.

[¶ 16] In *EBH*, the child was in the care of his mother, who lived apart from the child's father, when the Department of Family Services (DFS) took him into protective custody. Subsequently, DFS filed a petition to terminate the parental rights of both the mother and the father on three grounds specified in § 14–2–309(a): (i) the child was left in the care of another without support or communication; (iii) neglect; and (v) he was in foster care for the last twenty-two months. The district court granted the petition and father appealed. This Court affirmed, holding that clear and convincing evidence supported termination of father's rights on all three grounds.

[¶ 17] Addressing § 14–2–309(a)(i), the provision at issue in the present case, father claimed in *EBH* the provision did not apply because he did not leave the child in the care of another; rather, he claimed, DFS took the child from the mother. Under the facts presented, we concluded this distinction was irrelevant. We said:

> The statute simply requires the child to have "been left in the care of another person[.]" There is no specification of fault or explanation for why the child has been left in the care of another person. The undisputed fact is that IH was left in the care of another person, DFS, not the absent parent. That is all the statute requires.

*EBH*, ¶ 18, 33 P.3d at 180. SLB asserts this conclusion is inconsistent with the holding in *SCN* because the earlier case treated the "left in the care of another" language as a threshold issue to be decided while the later case treated it as one of three concurrent conditions that must be shown.

[¶ 18] Whether or not the "left in the care of another" language is treated as a threshold issue or one of three necessary conditions to termination, we do not find *EBH* inconsistent with *SCN*. *EBH* involved a termination petition filed by DFS after the child was left in foster care by both parents without provision for support or communication from them for over a year. It did not involve court ordered placement of the child in the custody of one parent pursuant to a divorce decree as was the case in *SCN*. Reiterating what we said in paragraph 13 above, the phrase "left in the care of another" suggests an element of control or action on the part of the absent parent; that element is not present when a divorce court awards custody to one parent. In the context of a divorce and custody order, the child has not been "*left* in the care of another." In *SCN*, the court placed the child in the care of the mother; in *EBH*, the father left the child in the care of DFS after the child was taken from the mother. Section 14–2–309(a)(i) speaks to the latter situation. We concluded in *SCN* it was not intended to speak to the former situation. We see no reason to depart from that conclusion now.

[¶ 19] Given the fundamental nature of parental rights, we do not believe § 14–2–309(a)(i) was intended as a mechanism to enable a parent who has custody of a child pursuant to a divorce decree to bring about the termination of the non-custodial parent's parental rights. Instead, the statute was intended to allow termination of parental rights under subsection (a)(i) when the child has been "left in the care of another" (as opposed to ordered into the custody of the other parent) without provision for support or communication for at least one year.

[¶ 20] SLB also cites *SLJ* in support of her contention that this Court has not consistently followed *SCN* and should not do so here. In *SLJ*, the mother left the children with the paternal grandmother while she looked for a job and a place to live. While the children were with the grandmother, the parents divorced. The court awarded father custody of the children and ordered mother to pay child support. Despite the custody order, the children remained with the grandmother because father was in and out of jail. Not long after the divorce, grandmother was appointed temporary guardian of the children with the parents' consent. When allegations of abuse were made against grandmother, DFS took the children

into protective custody. One year later, and six years after mother left the children with grandmother, DFS filed a petition for termination of paternal rights. We found these facts sufficient to show by clear and convincing evidence that mother "left the children in the care of another" as provided in § 14–2–309(a)(i).

[¶ 21] Like *EBH*, *SLJ* did not involve a termination action filed by a custodial parent against a non-custodial parent. Additionally, although there was a custody order in *SLJ*, the children never lived with the custodial parent. Instead, the mother left them in the care of the grandmother before the divorce and that is where they remained after the divorce until they were taken into protective custody. SLB argues, however, that *SLJ*, like *SCN*, involved a court-ordered child support provision and yet, we concluded without reference to *SCN*, the evidence established the children were left in the care of another without provision for support. To be consistent with *SCN*, SLB asserts, evidence of the child support provision should have been sufficient to defeat the claim that the children were left "without provision for support."

[¶ 22] *SLJ* is not relevant to the issue before us. Unlike the situation here, where the child was *placed* in SLB's custody by court order in the divorce proceeding, the mother in *SLJ left* the children in the care of another. This factor, along with the other factors specified in § 14–2–309(a)(i), led to the termination of her parental rights. In the present case, as in *SCN*, the mother cannot show the first factor specified in the statute; therefore, we do not reach the second factor. Because SLB cannot show the child was left in the care of another, it is unnecessary to consider whether provision was made for his support.

[¶ 23] In upholding the district court's order, we do not ignore SLB's assertion that this result allows a non-custodial parent who fails to pay court ordered child support to retain his parental rights. We emphasize, however, the right to associate with one's child is a fundamental right. The termination statutes were not intended as an avenue for a divorced parent to deprive his or her former spouse of that fundamental right, except under the circumstances expressly stated and strictly construed. Other more appropriate, less onerous avenues are available under Wyoming law for securing child support payments from a parent who fails to pay. Additionally, Wyoming's adoption statute provides a mechanism for terminating the rights of a parent who is uninvolved in a child's life when circumstances exist to support termination under that statute.

[¶ 24] Affirmed.