DAVIS, Chief Justice, dissenting.
[¶51] I must respectfully dissent. As the majority acknowledges, nineteen years ago this Court held that a district court may exercise jurisdiction over a petition for review in a worker's compensation case even if it is not one of the courts listed in Wyo. Stat. Ann. § 16-3-114(a). Moller v. State ex rel. Wyo. Workers' Safety & Comp. Div. , 12 P.3d 702, 704 (Wyo. 2000).
[¶52] The Moller decision does not, as the majority correctly asserts, contain in-depth analysis of district court jurisdiction over petitions of review. However, we have on a number of occasions held that when this Court interprets a statute and the Wyoming Legislature takes no action to change it, we will deem the legislature to have acquiesced in our interpretation. Ball v. State ex. rel. Wyo. Workers' Safety & Comp. Div. , 2010 WY 128, ¶ 41, 239 P.3d 621, 633 (Wyo. 2010) (failure of the legislature to change provisions of statute relating to hernia injuries indicates acquiescence) (citing In the Interest of ANO , 2006 WY 74, ¶ 14, 136 P.3d 797, 801 (Wyo. 2006) ); Wyoming Dep't of Revenue v. Qwest Corp. , 2011 WY 146, ¶ 23, 263 P.3d 622, 629 (Wyo. 2011) (legislature's failure to change statutory provisions relating to the roles of the Department of Revenue and the State Board of Equalization indicates that it concurs and acquiesces in Court's prior interpretation of those statutes) (citing SLB v. JEO , 2006 WY 74, ¶ 14, 136 P.3d 797, 801 (Wyo. 2006) ); Harnetty v. State , 2019 WY 21, ¶ 25, 435 P.3d 368, 373 (Wyo. 2019) (legislature's failure to attempt to override the Court's interpretation of provisions of a criminal statute means that it has acquiesced in the Court's decision).
[¶53] The legislature has had nineteen years to act to correct the error the majority perceives, and it has not done so. Despite Moller's lack of in-depth analysis of the statute in question, we should consider that decision sanctified by legislative inaction, as we have so often in the past. The legislature passed this legislation, and it seems to me that we owe deference to its inaction after our prior interpretation.
[¶54] It is no wonder to me that the legislature has not in fact acted to overrule Moller . Workers' compensation hearings are held largely by telephone wherever the assigned hearing examiner is based. Petitions for review to the district court do not require the presentation of evidence, and in my experience oral argument is rarely held. We have made it painfully clear that this Court will not in any way defer to a decision by a district court on a petition for review, but will instead review the (in this case) OAH decision as if it had come directly to us. See, e.g., Matter of Lysne, 2018 WY 107, ¶ 11, 426 P.3d 290, 294 (Wyo. 2018). There is no reason, therefore, to fear judge shopping on the way to the Supreme Court, since it would be totally ineffective.
[¶55] As the majority opinion concedes, there is respectable authority indicating that provisions like these merely establish venue. See Associated Governments of Northwest Colorado v. Colorado P.U.C ., 275 P.3d 646, 648 (Colo. 2012) (en banc); In re McGurran , 310 Mont. 268, 49 P.3d 626, 629-30 (2002) ; Mitchell Manor Convalescent Home, Inc. v. Okla. Health Planning Comm'n, 808 P.2d 998, 999 (Okla. App. 1991), all cited in the majority opinion at ¶¶ 39-41.
[¶56] In addition, I am unable to see significant differences between the language of § 16-3-114(a) and the civil venue statutes. See Wyo. Stat. Ann. § 1-5-104 (actions of certain types shall only be brought in the county where the cause or some part of it arose) and § 1-5-108 (every action not otherwise provided for shall be brought in the county in which a defendant resides or may be summoned, except for an executor, administrator, guardian or trustee may be brought in the county in which such person was appointed or resides).
*1092 [¶57] We presume that the legislature acts with full knowledge of the law. See, e.g. , Kite v. State , 2018 WY 94, ¶ 29, 424 P.3d 255, 264 (Wyo. 2018) ; DiFelici v. City of Lander , 2013 WY 141, ¶ 44, 312 P.3d 816, 827 (Wyo. 2013). A legislature fully cognizant of the authority cited here might well decide not to enact legislation to correct a non-existent problem by overruling Moller . Although it is a noble-sounding phrase, I do not see the "continued injustice" the majority evidently fears could result from continuing to apply the rule in Moller . In this case, all that would result from the continued vitality of the rule in that case is that an injured worker would get judicial review of an Office of Administrative Hearings' decision he claims to be erroneous.
[¶58] For these reasons, I would consider § 16-3-114(a) to be a rule of venue rather than one limiting jurisdiction. I agree with the majority that any challenge to venue has been waived by the Division's failure to contest the district court's denial of its motion to dismiss. I would therefore address the merits of Mr. McCallister's appeal.