KAUTZ, Justice.
*1079 [¶1] Appellant Blaine M. McCallister's physicians requested Appellee Wyoming Workers' Compensation Division (the Division) to preauthorize the purchase of several unique items to treat Mr. McCallister's work-related injury. The Division denied the requests, and after a contested case hearing, the Office of Administrative Hearings (OAH) upheld the Division's determinations. Mr. McCallister filed his petition for review in the district court of the county where he was injured (Campbell County, Wyoming). We conclude the statute which provides for judicial review of the OAH decision, Wyo. Stat. Ann. § 16-3-114(a) (LexisNexis 2017), placed jurisdiction in the district court of the county where the administrative action was taken (Laramie County, Wyoming) or the district court of the county where Mr. McCallister resided (Albany County, Wyoming).
[¶2] Since Mr. McCallister filed his petition for review in a district court that did not have jurisdiction, we, likewise, lack jurisdiction. Consequently, we must dismiss this case and vacate the district court's order.
ISSUE
[¶3] The dispositive issue in this case is:
Whether, under Wyo. Stat. Ann. § 16-3-114(a), the district court for Campbell County had jurisdiction over Mr. McCallister's petition for review?
FACTS
[¶4] Mr. McCallister injured his cervical and thoracic spine in 2012 while working for Robinson Grinding & Profiling, LLC in Campbell County. In 2016, Mr. McCallister's physicians requested that the Division preauthorize the purchase of several non-typical items to help him manage his condition at his home in rural Albany County. The Division refused to pay for the items, and Mr. McCallister objected and requested a hearing. An "in-person contested case hearing" was held before an OAH hearing examiner in Laramie County on May 4, 2017. On June 5, 2017, the hearing examiner issued her "Findings of Fact, Conclusions of Law, and Order" upholding the Division's determinations.[1] The signature line indicated the hearing examiner's office was located in Laramie County.
[¶ 5] The Division's notices of referral of the claims to the OAH for a contested case hearing did not specify any county in a heading. The OAH, however, responded with a document which did include such a heading. Thereafter in the administrative proceedings, the Division's pleadings and the OAH orders, including its final decision, were captioned as follows:
*1080 IN THE OFFICE OF ADMINISTRATIVE HEARINGS
STATE OF WYOMING COUNTY OF CAMPBELL IN THE MATTER OF THE WORKER'S COMPENSATION CLAIM OF BLAINE M. McCALLISTER, AN EMPLOYEE OF ROBINSON GRINDING & PROFILING, LLC: BLAINE M. McCALLISTER, Claimant, vs. WC CASE NUMBER 2012-12075 C101, C102, C103 ROBINSON GRINDING & PROFILING, LLC, and STATE OF WYOMING ex rel. DEPARTMENT OF WORKFORCE SERVICES, WORKERS' COMPENSATION DIVISION, Respondents.
[¶6] Mr. McCallister filed a petition for judicial review of the OAH decision in the Campbell County district court on June 30, 2017. In his petition for review, Mr. McCallister stated:
This Court has jurisdiction over this matter pursuant to Wyoming Statutes §§ 16-3-114(a), 27-14-602, and 27-16-612 (sic) and Wyo. R. App. P. 12. All administrative remedies have been exhausted prior to the filing of this petition. Venue is proper in this Court as the Petitioner was employed by Robinson Profiling & Grinding, LLC ... in Campbell County, Wyoming at the time of the injury.
[¶7] On July 31, 2017, the Division filed a motion to dismiss Mr. McCallister's petition for review, asserting he should not have filed in the Campbell County district court. Mr. McCallister responded to the motion to dismiss, stating: "From the onset of this multi-year administrative proceeding, the Division has consistently and routinely captioned (and venued) this workers' compensation claim in Campbell County, Wyoming, despite the Petitioner residing in Albany County, Wyoming, and the Division being located in Laramie County, Wyoming". He continued, "the administrative action, by the Division's choosing, occurred in Campbell County, Wyoming, despite the location of the hearing(s) associated with this workers' compensation claim." In the alternative, Mr. McCallister requested that his case be transferred to one of the counties where venue was proper because a dismissal would result in his appeal being "time-barred."
[¶8] The district court denied the Division's motion to dismiss and affirmed the OAH
*1081 decision on the merits. Mr. McCallister appealed to this Court.
DISCUSSION
[¶9] The Division asserts the district court in Campbell County did not have subject matter jurisdiction over Mr. McCallister's appeal. It claims that he was required by § 16-3-114(a) to file his petition for judicial review in either the district court for the county in which the administrative action was taken or the district court in the county where he resided. Mr. McCallister counters that, while he may have filed his petition for review in the wrong venue, the Campbell County district court had jurisdiction to hear and decide his case. He further argues that the Division waived the right to challenge venue because it did not appeal the district court's order denying its motion to dismiss.
A. Standard of Review and General Rules of Jurisdiction and Venue
[¶10] The determination of whether a court has subject matter jurisdiction is a question of law subject to de novo review. Vance v. City of Laramie, 2016 WY 106, ¶ 10, 382 P.3d 1104, 1106 (Wyo. 2016). Subject matter jurisdiction is defined as "the power to hear and determine cases of the general class to which the proceedings in question belong." Granite Springs Retreat Ass'n, Inc. v. Manning, 2006 WY 60, ¶ 5, 133 P.3d 1005, 1009 (Wyo. 2006) (quoting Mutual of Omaha Ins. Co. v. Blury-Losolla, 952 P.2d 1117, 1119-20 (Wyo. 1998) ). A challenge to the Court's subject matter jurisdiction can be raised at any time by any party or by the Court sua sponte. TC v. Dep't of Family Servs. (Matter of Adoption of L-MHB), 2018 WY 140, ¶ 9, 431 P.3d 560, 564 (Wyo. 2018) ; Vance, ¶ 10, 382 P.3d at 1106. " 'A lack of subject matter jurisdiction constitutes a fundamental defect in the proceeding which cannot be cured by waiver or consent by the parties.' " TC, ¶ 9, 431 P.3d at 564 (quoting Weller v. Weller, 960 P.2d 493, 496 (Wyo. 1998) ). "If a lower court acts without jurisdiction, 'this [C]ourt will notice the defect and have jurisdiction on appeal, not on the merits, but merely for the purpose of correcting the error of the lower court in maintaining the suit.' " Popick v. State ex rel. Wyo. Workers' Safety & Comp. Div., 2005 WY 110, ¶ 13, 118 P.3d 993, 996 (Wyo. 2005) (quoting Gookin v. State Farm Fire & Cas. Ins. Co., 826 P.2d 229, 232 (Wyo. 1992) ). See also , W.R.A.P. 1.04(c) ; Vance, ¶ 10, 382 P.3d at 1106 ; Edsall v. Moore, 2016 WY 71, ¶ 10, 375 P.3d 799, 801 (Wyo. 2016) ; Platte Dev. Co. v. State, Envtl. Quality Council, 966 P.2d 972, 974 (Wyo. 1998).
[¶11] Subject matter jurisdiction and venue are distinct concepts. Linch v. Linch, 2015 WY 141, ¶ 27, 361 P.3d 308, 315 (Wyo. 2015). Jurisdiction "connotes the power to decide a case on the merits, while venue denotes locality, the place where the suit should be heard." State Farm Mut. Auto. Ins. Co. v. Kunz, 2008 WY 71, ¶ 14, 186 P.3d 378, 382 (Wyo. 2008) (citations omitted). Venue is a modern legal concept that refers to the county, district, or other geographical location where, " 'for the sake of fairness, convenience, or other commanding policy considerations, a cause is to be tried.' " Sundance Mt. Resort, Inc. v. Union Tel. Co., 2007 WY 11, ¶ 9, 150 P.3d 191, 195 (Wyo. 2007) (quoting 77 Am. Jur. 2d Venue § 1 (2006) ). When an action is filed in a court that has jurisdiction but is the wrong venue, the court has the authority to render a binding judgment. Bourke v. Grey Wolf Drilling Co., 2013 WY 93, ¶ 27, 305 P.3d 1164, 1170 (Wyo. 2013) (citing Matter of Larsen, 770 P.2d 1089, 1092 (Wyo. 1989) ).
[¶12] Venue is subject to waiver, while jurisdiction is not. Hronek v. St. Joseph's Children's Home, 866 P.2d 1305, 1310 (Wyo. 1994) (citing Matter of Larsen, 770 P.2d at 1092 ). The distinction is important to this case because the Division did not cross-appeal from the district court's denial of its motion to dismiss. As we explained in GOB, LLC v. Rainbow Canyon, Inc., 2008 WY 157, ¶ 10, 197 P.3d 1269, 1271-72 (Wyo. 2008), a party must cross-appeal if it seeks a change in the judgment. The Division is requesting that the district court's judgment be changed from affirmance of the OAH decision to dismissal of Mr. McCallister's petition for judicial review. See, e.g ., Sutherland v. Meridian Granite Co., 2012 WY 53, 273 P.3d 1092 (Wyo. 2012) (Meridian prevailed on the merits but cross-appealed the district court's denial *1082 of its motion to dismiss for failure to join an indispensable party). Consequently, the Division can raise the issue of subject matter jurisdiction even though it did not appeal the district court's denial of its motion to dismiss because that issue in not subject to waiver. However, the Division waived its right to contest the district court's denial of its motion to dismiss for improper venue by failing to cross-appeal.
B. Is the Location for Filing a Petition for Judicial Review in § 16-3-114(a) a Matter of Jurisdiction or Venue?
[¶13] Wyoming district courts are courts of general jurisdiction. George v. Allen (In re Estate of George ), 2003 WY 129, ¶ 18, 77 P.3d 1219, 1225 (Wyo. 2003). See also, Linch, ¶ 28, 361 P.3d at 315 ; Bourke, ¶ 27, 305 P.3d at 1170. District courts "have inherent subject matter jurisdiction over any and all cases in which jurisdiction is not specifically vested in some court of limited jurisdiction. Wyoming Constitution, Art. 5, § 10." George, ¶ 18, 77 P.3d at 1225 (quoting Larsen, 770 P.2d at 1092 ) (other citations omitted). Under this general jurisdiction, authority to enter a binding judgment exists in any and all of the district courts in the state. Id. "That authority does not reside only in the court in which proper venue is found." Id.
[¶14] Cases like George, Bourke and Linch state the general rule for Wyoming district courts' original jurisdiction, but that rule does not apply to administrative appeals. " 'The right to judicial review of administrative decisions is entirely statutory.' " Casper Iron & Metal, Inc. v. Unemployment Ins. Comm'n , 845 P.2d 387, 391 (Wyo. 1993) (quoting Sellers v. Employment Sec. Comm'n, 760 P.2d 394, 395 (Wyo. 1988) ). That means, "judicial review of an administrative decision is not available unless made so by statute." Vance, ¶ 11, 382 P.3d at 1106. If a petitioner fails to comply with statutory jurisdictional requirements, the district court does not have subject matter jurisdiction over the petition for judicial review. See, e.g. , Pritchard v. Div. of Vocational Rehab., 540 P.2d 523, 526-27 (Wyo. 1975) ; Roe v. Bd. of County Comm'rs, Campbell County, 997 P.2d 1021, 1023 (Wyo. 2000).
[¶15] However, " '[a] statutory requirement is jurisdictional only where there is "clear" indication that [the legislature] wanted the requirement to be "jurisdictional." ' " TC, ¶ 10, 431 P.3d at 565 (quoting Harmon v. Star Valley Med. Ctr., 2014 WY 90, ¶ 48, 331 P.3d 1174, 1188 (Wyo. 2014) ). We recognized in TC that statutory requirements may be mandatory and the failure to follow them may be fatal to a claim, but that does not necessarily make them jurisdictional. Id., ¶ 16, 431 P.3d at 566. See also , Linch, ¶ 32, 361 P.3d at 316 ("a court does not lose subject matter jurisdiction over an action for failure to comply with statutory procedural requirements unless the statute contains an 'unequivocal expression' that failure to comply shall result in a loss of jurisdiction"). Therefore, unless there is a clear indication in the statute that the legislature intended the location for filing a petition for judicial review to be jurisdictional, it is only a matter of venue.
[¶16] Wyo. Stat. Ann. § 27-14-602(b)(iii) (LexisNexis 2017) states that an appeal from a decision rendered after a contested case hearing on a workers' compensation claim may be taken by "any affected party to the district court as provided by the Wyoming Administrative Procedure Act" (W.A.P.A.), Wyo. Stat. Ann. §§ 16-3-101 through 16-3-115 (LexisNexis 2017). Section 16-3-114(a) governs judicial review of agency decisions and states in relevant part:
(a) [A]ny person aggrieved or adversely affected in fact by a final decision of an agency in a contested case ... is entitled to judicial review in the district court for the county in which the administrative action ... was taken, or in which any real property affected by the administrative action or inaction is located, or if no real property is involved, in the district court for the county in which the party aggrieved or adversely affected by the administrative action ... resides or has its principal place of business. The procedure to be followed in the proceeding before the district court shall be in accordance with rules heretofore or hereinafter adopted by the Wyoming supreme court.
(emphasis added).
[¶17] Our case law establishes that certain requirements of § 16-3-114(a) are jurisdictional.
*1083 In Pritchard, 540 P.2d at 525-28, we ruled the district court did not have jurisdiction over the petition for review because the petitioner was a state agency and did not meet the statutory definition of "person." See also, Basin Elec. Power Co-op, Inc. v. Dep't of Rev., 970 P.2d 841, 847-48 (Wyo. 1998) (county commission was not a "person" entitled to review of Board of Equalization decision; consequently, the court was without jurisdiction to hear its administrative appeal). In Roe, 997 P.2d at 1023, the district court did not have jurisdiction because the petitioners failed to show that they were "aggrieved or adversely affected in fact" by the agency action.
[¶18] Section 16-3-114(a) declares that a person aggrieved or adversely affected by an agency decision is entitled to judicial review in the district court in certain counties. Before considering the language of § 16-3-114(a), it is necessary that we comment on a case not cited by either Mr. McCallister or the Division -- Moller v. State ex rel. Wyo. Workers' Safety & Comp. Div., 12 P.3d 702 (Wyo. 2000). Moller indicates that a district court may exercise jurisdiction over a petition for review even if it is not one of the courts listed in § 16-3-114(a).
[¶19] Moller was certified to this Court pursuant to W.R.A.P. 12.09(b).[2] Id. at 703. The Division claimed the district court did not have jurisdiction under § 16-3-114(a) because Ms. Moller filed her petition for review in the county where she was injured rather than the county where the agency action was taken or where she resided. Id. at 703-04. This Court dispensed with the jurisdictional issue with no statutory or other analysis:
As a preliminary matter, the Division contends this appeal should be dismissed because Moller filed her petition for review in the district court where the injury occurred rather than in compliance with Wyo.Stat.Ann. § 16-3-114(a) (LEXIS 1999). The district court determined that this case presented a matter of great public importance, certified this case to us pursuant to W.R.A.P. 12.09, and we examine the decision of the administrative agency as if we were the reviewing court of the first instance. Ahlenius v. Wyoming Bd. of Professional Geologists, 2 P.3d 1058, 1060 (Wyo. 2000). Because we review as a court of first instance in this case, we have little concern about the location in which Moller filed her petition for review. She obviously sought review in a district court, and that court passed the review on to us. Were we to dismiss on the ground raised by the Division, we are certain that Moller would soon seek our review using other avenues. Although infrequently done, at times it is more efficient administration of justice to cut to the chase, rather than require litigants to jump through hoops.
Id. at 704.
[¶20] The Moller decision rests on two grounds. First, we said the location where Ms. Moller filed her petition for review was of "little concern" because the case was certified to this Court pursuant to Rule 12.09(b) and we were making the initial decision on her appeal. We also said that deciding the case would be efficient administration of justice because, if we dismissed it, Ms. Moller would "soon seek our review using other avenues," although there was no description of the other avenues. Notably, Moller contains no discussion of the language of § 16-3-114(a) or the legal principle that judicial review of agency action is only available if made so by statute.
*1084 [¶21] We recognize that Moller is precedent, which, under the doctrine of stare decisis, we would typically follow, even if neither party was aware of it.
We consider the doctrine of stare decisis to be an important principle which furthers the "evenhanded, predictable, and consistent development of legal principles, fosters reliance on judicial decisions, and contributes to the actual and perceived integrity of the judicial process."
Nevertheless, we should be willing to depart from precedent when it is necessary "to vindicate plain, obvious principles of law and remedy continued injustice." When precedential decisions are no longer workable, or are poorly reasoned, we should not feel compelled to follow precedent. Stare decisis is a policy doctrine and should not require automatic conformance to past decisions.
State ex rel. Wyo. Workers' Comp. Div. v. Barker, 978 P.2d 1156, 1161 (Wyo. 1999) (quoting Goodrich v. Stobbe, 908 P.2d 416, 420 (Wyo. 1995) ). See also , Borns ex rel. Gannon v. Voss, 2003 WY 74, ¶¶ 25-26, 70 P.3d 262, 271 (Wyo. 2003). Given the inadequacy of the analysis in Moller , we will not blindly follow it. Instead, we will examine the language of § 16-3-114(a) using our standard rules of statutory interpretation.
[¶22] Statutory interpretation is a matter of law subject to de novo review. Clark v. State ex rel. Dep't of Workforce Servs., 2016 WY 89, ¶ 10, 378 P.3d 310, 313 (Wyo. 2016). We interpret statutes to determine the legislature's intent, which is generally found in the ordinary and obvious meaning of the statutory language. Vance, ¶ 12, 382 P.3d at 1106-07 ; In re Gifford, 2013 WY 54, ¶ 12, 300 P.3d 852, 856 (Wyo. 2013). The statute is considered as a whole, giving effect to every word, clause, and sentence. Gifford, ¶ 12, 300 P.3d at 856 (quoting Redco Constr. v. Profile Props., LLC, 2012 WY 24, ¶ 26, 271 P.3d 408, 415-416 (Wyo. 2012) ) (other citations omitted). Additionally, "[i]n ascertaining the meaning of a given law, we consider and construe in harmony all statutes relating to the same subject or having the same general purpose." Vance, ¶ 12, 382 P.3d at 1106-07 (citing Thunderbasin Land, Livestock & Inv. Co. v. Laramie County, 5 P.3d 774, 779 (Wyo. 2000) ). We employ essentially the same concepts when interpreting court rules. Busch v. Horton Automatics, Inc., 2008 WY 140, ¶ 13, 196 P.3d 787, 790 (Wyo. 2008).
[¶23] Under § 16-3-114(a), a person aggrieved or adversely affected by an agency decision is entitled to judicial review in the district court in certain counties. Black's Law Dictionary , 649 (10th ed. 2014) defines "entitle" as "[t]o grant a legal right to or qualify for." Using this definition, § 16-3-114(a) grants an aggrieved person a legal right to judicial review in certain district courts. By using the singular-the district court-and then identifying a particular county, the legislature specifically linked the right (entitlement) to judicial review to certain district courts. The language of § 16-3-114(a), therefore, indicates that only the identified district courts are granted jurisdiction over a petition for judicial review.
[¶24] Because we consider statutes as a whole, we will look to other parts of § 16-3-114 for a complete picture of the legislature's intent. The last sentence of § 16-3-114(a) states: "The procedure to be followed in the proceeding before the district court shall be in accordance with rules heretofore or hereinafter adopted by the Wyoming supreme court." Section 16-3-114(b) provides more guidance regarding the procedures which may be adopted by this Court:
(b) The supreme court's authority to adopt rules governing review from agencies to the district courts shall include authority to determine the content of the record upon review, the pleadings to be filed, the time and manner for filing the pleadings, records and other documents and the extent to which supplemental testimony and evidence may be taken or considered by the district court. The rules adopted by the supreme court under this provision may supersede existing statutory provisions.
[¶25] Following the direction of the legislature in §§ 16-3-114(a) and (b), this Court has adopted rules governing administrative appeals- Wyoming Rules of Appellate Procedure 12.01 through 12.12. The relevant rules state:
*1085 • Rule 12.01 :
To the extent judicial review of administrative action by a district court is available, any person aggrieved or adversely affected in fact by a final decision of an agency in a contested case ... may obtain such review as provided in this rule. All appeals from administrative agencies shall be governed by these rules.
• Rule 12.03:
(a) The proceedings for judicial review under Rule 12 shall be instituted by filing a petition for review in the district court having venue. No other pleading shall be necessary, either by petitioner or by the agency or by any other party. No summons shall be necessary. The petition shall conform to the requirements set forth in Rule 12.06.
(b) Copies of the petition shall be served upon the agency and all parties in accordance with Rule 5, Wyo. R. Civ. P.
• Rule 12.04
(a) In a contested case, or in an uncontested case, even where a statute allows a different time limit on appeal, the petition for review shall be filed within 30 days after service upon all parties of the final decision of the agency or denial of the petition for a rehearing, or, if a rehearing is held, within 30 days after service upon all parties of the decision.
• Rule 12.06
The petition for review shall not exceed five pages in length, excluding appendix, and shall be in the format described in Rule 7.05(b). The petition shall include:
(a) A concise statement showing jurisdiction and venue;
(b) The specific issues of law addressed to the district court for review;
(c) For petitions in contested cases, a list of all persons or agencies formally identified as parties, as defined in W.S. 16-3-101(b)(vi) ; in all other cases, a person seeking judicial review of agency action must affirmatively file as a petitioner under W.S. 16-3-114 to be considered as a party;
(d) For petitions of contested cases, a brief statement of the facts relevant to the legal issues raised before the agency, showing the nature of the controversy in which the legal issues arose;
(e) A copy of the agency decision attached as an appendix; and
(f) The name, file number and court in which any related petition for judicial review is pending.
[¶26] Some of the requirements established by this Court pursuant to its rulemaking powers in §§ 16-3-114(a) and (b) are jurisdictional and some are not. W.R.A.P. 12.04 requires a petition for review to be filed within thirty days after service of the final agency decision, "even where a statute allows a different time limit on appeal." The legislature gave this Court authority to establish the deadline when it stated in § 16-3-114(b) that the Court had the authority to determine "the time" for filing pleadings for judicial review and that the rules "may supersede existing statutory provisions." See J. Battle, Administrative Law, Wyoming Style, 18 Land & Water L. Rev. 223, 239 n.65 and n.66 (1983). We have consistently stated that the timely filing of a petition for review is mandatory and jurisdictional. See, e.g ., Scanlon v. Schrinar, 759 P.2d 1243, 1246 (Wyo. 1988) ; McElreath v. State ex rel. Wyo. Workers' Comp. Div., 901 P.2d 1103, 1105 (Wyo. 1995).
[¶27] This Court addressed "the pleadings to be filed" and the "manner" of filing a petition for review in W.R.A.P. 12.06. That rule lists, in mandatory terms, what must be included in a petition for review. However, we have said that, while the failure of a petitioner to comply with the Rule 12.06 requirements may be grounds for dismissal, it does not affect the district court's jurisdiction. McElreath, 901 P.2d at 1106 (citing Claim of Taffner, 821 P.2d 103 (Wyo. 1991) ). See also , TC, ¶ 16, 431 P.3d at 566 (a party's failure to comply with mandatory statutory requirements, is "sometimes fatal to a petition," even though "it does not deprive the court of subject matter jurisdiction"). Similarly, the petitioner's failure to name, join and serve the employer with his petition for *1086 review of the agency's denial of his request for unemployment benefits did not deprive the district court of jurisdiction. Bridge v. Dep't of Employment, 896 P.2d 759, 760 (Wyo. 1995) ; W.R.A.P. 12.03(b).
[¶28] Rule 12.03(a) refers to "venue" as part of the filing requirement for petitions for judicial review: "The proceedings for judicial review under Rule 12 shall be instituted by filing a petition for review in the district court having venue." As we explained above, venue is not the same as jurisdiction. The use of the term "venue" in Rule 12.03 raises the question of whether the Court could use its § 16-3-114 rulemaking power to label the requirement of filing in the correct district court a matter of venue rather than jurisdiction.
[¶29] Considering the clear language of § 16-3-114, we conclude the Court's authority does not extend that far. It defies logic to believe the legislature would have specifically designated the courts where a party is "entitled to" judicial review and then delegated authority to this Court to make the location a non-jurisdictional matter of venue. We do not interpret statutes in a manner that produces an absurd result. Chevron U.S.A., Inc. v. Dep't of Rev., 2007 WY 43, ¶ 18, 154 P.3d 331, 336-37 (Wyo. 2007). Rule 12.01 confirms the legislature is responsible for making judicial review available and the rules do not affect jurisdiction: "To the extent judicial review of administrative action by a district court is available , any person aggrieved or adversely affected in fact by a final decision of an agency ... may obtain such review as provided in this rule." (emphasis added).
[¶30] Furthermore, the "venue" language in Rule 12.03(a) can be reconciled with § 16-3-114(a). Rule 12.03 's use of the term venue simply refers to the petitioner's right to choose from among the courts listed in § 16-3-114(a) as having jurisdiction. Rule 12.06, which states that the petition for review shall include a "concise statement showing jurisdiction and venue," supports that reading of Rule 12.03. Rule 12.06 acknowledges jurisdiction and venue are distinct requirements. A petitioner must include a statement showing that jurisdiction exists in certain district courts under § 16-3-114(a) and the petitioner has chosen one of those courts as the appropriate venue. In this case, the district courts in both Laramie County (the place where the agency action was taken) and Albany County (the county of Mr. McCallister's residence) would have had jurisdiction over Mr. McCallister's petition. He could have chosen one of those courts as the venue for filing his petition for judicial review.
[¶31] Typically, this Court does not resort to rules of statutory construction when the language of the statute is clear. See, e.g. , Mathewson v. City of Cheyenne , 2003 WY 10, ¶ 6, 61 P.3d 1229, 1232 (Wyo. 2003). However, we occasionally consult legislative history to confirm the legislature's intent even when the language seems clear. See, e.g. , Gifford, ¶ 12, 300 P.3d at 856 (citing Parker Land & Cattle Co. v. Wyo. Game & Fish Comm'n, 845 P.2d 1040, 1043-44 (Wyo. 1993) ). Given the important legal principles at issue in this case, it is appropriate to do so here.
[¶32] The W.A.P.A. was originally adopted in 1965 and included the following provision for judicial review of administrative decisions:
Section 14. (a) Subject to the requirement that administrative remedies be exhausted and in the absence of any statutory or common law provision precluding or limiting judicial review, any person aggrieved or adversely affected in fact by a final decision of an agency in a contested case or by other agency action or inaction or any person affected in fact by a rule adopted by an agency shall be entitled to judicial review in the District Court for Laramie County or the District Court for the county in which such administrative action or inaction was taken or in which any real property affected by such administrative action or inaction is located or in the event no real property is involved in the District Court for the county in which the party aggrieved or adversely affected by the administrative action or inaction resides or has its principal place of business. The procedure to be followed in such proceeding before the District Court shall be in accordance with rules heretofore or *1087 hereinafter adopted by the Wyoming Supreme Court.
(b) The Supreme Court's authority to adopt Rules governing review from agencies to the district courts shall include but not be limited to authority to determine the content of the record upon review; the pleadings to be filed; the time and manner for filing the pleadings, records and other documents; and the extent to which supplemental testimony and evidence may be taken or considered by the District Court. The Rules adopted by the Supreme Court under this provision may supersede existing statutory provisions.
Laws 1965, ch. 108, § 14, codified as W.S. 1957 § 9-276.32 (Supp. 1965) (emphasis added). The significant differences between the original 1965 law and the current version of §§ 16-4-113(a) and (b) are bolded.
[¶33] In 1973, the legislature revised subsection (a) by replacing "shall be entitled" with the current language "is entitled" and deleting the provision that allowed judicial review of agency action in Laramie County in all cases. Laws 1973 ch. 24, § 1, codified at W.S. 1957, § 9-276.32 (Supp. 1973) (emphasis added). In 1982, the legislature amended the statute to its current form.[3] Of note, it removed the "but not be limited to" language from the first sentence of subsection (b): "The supreme court's authority to adopt rules governing review from agencies to the district courts shall include but not be limited to authority to determine the content of the record upon review, the pleadings to be filed, the time and manner for filing the pleadings, records and other documents and the extent to which supplemental testimony and evidence may be taken or considered by the district court." Laws 1982, ch. 62, § 3, codified as Wyo. Stat. Ann. § 16-3-114.
[¶34] The evolution of §§ 16-3-114(a) and (b) indicates the legislature intended to limit the right of judicial review to certain enumerated district courts. All versions of subsection (a) stated in mandatory terms (i.e., "shall be entitled" and "is entitled") that the right to judicial review is tied to the designated district courts. In 1973, the legislature decided that administrative appeals could not be filed in Laramie County in all cases. That change demonstrated the importance the legislature placed on granting the right to judicial review in particular counties. The 1982 change to the language of subsection (b) emphasized that this Court's rulemaking powers are limited to certain procedural matters, confirming that the Court did not have the authority to change the legislature's designation of jurisdiction simply by using the word "venue" in Rule 12.03.[4]
[¶35] Our interpretation of § 16-3-114(a) also follows the general rule set out in 2 Am. Jur. 2d Administrative Law § 399 (updated January 2019) : "When judicial review of an administrative agency action is sought, the party seeking review must file the petition in the venue allowed by statute; failure to do so means that the court where the petition was filed does not have jurisdiction over the administrative appeal." Id. The general rule is illustrated in cases from several states.
[¶36] In Anderson v. W. Hodgeman & Sons, Inc ., 524 N.W.2d 418, 419 (Iowa 1994), Ms. Anderson filed a petition for judicial review of an agency's denial of her request for worker's compensation benefits. Under Iowa's administrative procedure act, "[p]roceedings for judicial review shall be instituted by filing a petition either in Polk County district court or in the district court for the county in which the petitioner resides[.]" I.C.A. § 17A.19(2); Anderson, 524 N.W.2d at 420. The Iowa worker's compensation act also allowed a petition to be filed in the district court of the county where the administrative hearing was held. Id. Ms. Anderson filed her petition for review in the district court of the county where she was injured, which was not one of the alternatives available to her by the statutes. Id. at 419-20. The Iowa Supreme Court ruled that "the party seeking review must file his or her petition in *1088 the county allowed by statute. Failure to do so means the district court does not have jurisdiction of the administrative appeal." Id. at 421. See also, Cooksey v. Cargill Meat Solutions Corp., 831 N.W.2d 94, 100-01 (Iowa 2013) (confirming the Anderson holding).
[¶37] The Nebraska statute setting out where a petition for judicial review of agency action must be filed stated: "Proceedings for review shall be instituted by filing a petition in the district court of the county where the action is taken[.]" Essman v. Neb. Law Enforcement Training Center, 252 Neb. 347, 562 N.W.2d 355, 358 (1997) (quoting Neb.Rev.Stat. § 84-917(2)(a) (Reissue 1994)). The Nebraska Supreme Court has ruled that filing in the correct district court is jurisdictional. Id. ; ( Metro Renovation, Inc. v. State, 249 Neb. 337, 543 N.W.2d 715, 719-20 (1996), disapproved on other grounds by State v. Nelson, 274 Neb. 304, 739 N.W.2d 199 (2007) ). In Liberty Mutual v. Thomasson, 130 Nev. 27, 317 P.3d 831, 834 (2014), the Nevada Supreme Court ruled that a statute directing petitions for judicial review of administrative action to be filed in certain district courts established jurisdiction, not just the appropriate venue.
[¶38] In State Dep't of Rev. v. Borquez, 751 P.2d 639, 643-45 (Colo. 1988) (en banc), the Colorado Supreme Court considered a statute governing appeals from administrative drivers' license revocations. Although the statute is not part of Colorado's administrative procedure act, it contained language similar to § 16-3-114(a). The relevant statutory provision stated that "a person aggrieved by the determination shall have the right to file a petition for judicial review in the district court in the county of the person's residence." Id. at 641 (quoting § 42-2-122.1(9)(a), C.R.S. (1984 Repl.)). The claimant lived in Jefferson County but filed her petition for review in Denver County. Id. at 640. Noting that the right to judicial review is entirely statutory, the supreme court held that the Denver County district court did not have jurisdiction over the action. Id. at 644-45. The court stated that "the legislature intended not simply to specify proper venue, but rather to prescribe that review of administrative license revocations ... may be obtained only in the district court of the driver's residence." Id. at 643. Like § 16-3-114(a), the Colorado driver's license revocation statute linked the right to judicial review to a specific district court.
[¶39] In Associated Governments of Northwest Colorado v. Colorado Pub. Utilities Comm'n, 275 P.3d 646, 648-49 (Colo. 2012) (en banc), the Colorado Supreme Court emphasized that the particular language and structure of the statute granting the right to judicial review of agency action is important in determining whether a "place-based forum" requirement establishes venue or jurisdiction. Id. at 649. The statute at issue in Associated Governments of Northwest Colorado governed judicial review of Colorado Public Utility Commission (PUC) decisions. The PUC statute granted district courts jurisdiction over petitions for judicial review in subsection (1) and directed where the petitions should be filed in subsection (5). Id. (citing § 40-6-115(1) and (5), C.R.S. (2011) ). The court noted that the PUC statute, which separated the grant of jurisdiction from the designation of the location for filing a petition for review, differed from the statute at issue in Borquez, which linked the right judicial review to a certain district court. The supreme court held that the PUC statutory structure showed the legislature intended the location to be a matter of venue rather than jurisdiction. Id. at 651-52.
[¶40] In McGurran v. Udelhoven (In re Support Obligation of McGurran), 310 Mont. 268, 49 P.3d 626 (2002), the Montana Supreme Court relied upon the structure of the statute to reach a result similar to Associated Governments of Northwest Colorado . McGurran interpreted the following statute contained in the Montana administrative procedure act:
[P]roceedings for review must be instituted by filing a petition in district court within 30 days after service of the final written decision of the agency or, if a rehearing is requested, within 30 days after the written decision is rendered. Except as otherwise provided by statute or subsection (2)(d), the petition must be filed in the district court for the county where the petitioner resides or has the petitioner's principal *1089 place of business or where the agency maintains its principal office.
Id. at 629-30 (quoting MCA § 2-4-702(2)(a)). The court ruled that the first sentence of the statutory provision vested Montana district courts "with jurisdiction over appeals from final administrative decisions in contested cases," while the second sentence "sets forth the proper place where a contested administrative decision can be heard" and is "nothing more than a venue provision." Id. at 629-30.
[¶41] Oklahoma courts have taken an approach which is directly contrary to the general rule set out in 2 Am. Jur. 2d Administrative Law § 399, and do not follow the statutory interpretation rationale articulated by the Montana and Colorado courts. The Oklahoma administrative procedures act provided that "proceedings for [judicial] review shall be instituted by filing a petition, in the district court of the county in which the party seeking review resides or at the option of such party where the property interest affected is situated." 75 O.S. § 318. In Mitchell Manor Convalescent Home, Inc. v. Okla. Health Planning Comm'n, 808 P.2d 998, 999 (Okla. Ct. App. 1991), the petitioner filed its petition for review in a county not listed in the statute. The Oklahoma court of appeals stated that, even though the statute used the term "shall," the location for filing a petition for review was simply "aimed at accommodating the aggrieved party and was not intended to prescribe an exclusive venue for district court review[.]" Id. The aggrieved party, therefore, could invoke Oklahoma's various venue statutes, one of which allowed venue in the district court where the petition was filed. Id. at 999-1000. See also, 6 Okla. Prac., Appellate Practice § 24:8 Venue (2018) (stating the Oklahoma statute governing judicial review of administrative decisions is not jurisdictional "and filing a timely petition in error in the wrong district court will not be cause for dismissal of the appeal on jurisdictional grounds").
[¶42] The general rule set out in 2 Am. Jur. 2d Administrative Law § 399 and the cases that follow the general rule are consistent with § 16-3-114(a), which links the right to judicial review to certain district courts. That direct link distinguishes Wyoming's statute from the statutory structures considered in McGurran and Associated Governments of Northwest Colorado . Oklahoma's focus on the rules governing venue is not consistent with Wyoming law stating that the right to judicial review of administrative action is entirely statutory. Therefore, we conclude that an aggrieved or adversely affected person must file in one of the district courts designated in the statute and other Wyoming district courts do not have jurisdiction to consider the appeal.
[¶43] To the extent that our decision is inconsistent with Moller, 12 P.3d 702, we overrule it. The doctrine of stare decisis does not bind us to precedent that is unworkable or poorly reasoned. Brown v. City of Casper, 2011 WY 35, ¶ 43, 248 P.3d 1136, 1146 (Wyo. 2011). The Moller decision was based upon judicial efficiency. It did not recognize that judicial review of agency action is only available by statute. It did not consider the language of § 16-3-114(a) at all. Under these circumstances, we are convinced it is necessary to overrule that aspect of Moller to "vindicate plain, obvious principles of law and remedy continued injustice." Borns, ¶¶ 25-26, 70 P.3d at 271. We are not at liberty to wholly ignore statutes or to re-write them to accomplish "judicial efficiency."
[¶44] Finally, we address Mr. McCallister's argument that he was misled by the Campbell County caption used by the Division and the OAH. He argues that "[f]rom the date of [his] injury and consistently thereafter throughout the course of this multi-year administrative proceeding, [the Division] along with the ... OAH ... [have] consistently and routinely captioned (and venued) this workers' compensation claim in Campbell County, Wyoming (the situs of the workplace injury), despite [Mr. McCallister] residing in Albany County, Wyoming and the contested-case hearing(s) being conducted in Laramie County, Wyoming." According to Mr. McCallister, the Division "unilaterally" chose Campbell County as the location of the administrative action.
[¶45] Under § 16-3-114(a), the agency action for which Mr. McCallister sought judicial review was the OAH's final decision after the contested case hearing. Therefore, contrary *1090 to Mr. McCallister's assertion, the Division did not choose the location of the agency action.[5] The OAH, not the Division, first used the caption listing "Campbell County," but it did so without specifying an office or court within Campbell County. Neither the statutes nor the rules applicable to the OAH indicate that it is required to hear cases in any particular county. Instead, Wyo. Stat. Ann. §§ 9-2-2202(b)(iv) and 27-14-602(b)(iv) provide that contested case hearings are held at locations convenient to the parties. The OAH rules state that the hearing officer "determines the location for proceedings." OAH Rules, Chap. 2, § 14(e).
[¶46] The rules require the OAH to assign a docket number to a contested case proceeding. OAH Rules, Chap. 2, § 14(a). Thereafter, "[a]ll papers, pleadings, motions, and orders" are required to contain the docket number, a caption setting forth the title of the contested case, a designation of the document filed, and the "name, address, telephone number, and signature of the person who prepared the document." Id. Mr. McCallister does not direct us to any requirement under the rules for a county to be designated in the caption.
[¶47] The record shows that the OAH held the contested case hearing at its offices in Laramie County. See, e.g. , Dep't of Rev. v. Buggy Bath Unlimited, Inc., 2001 WY 27, ¶ 23 n.12, 18 P.3d 1182, 1189 n.12 (Wyo. 2001) (indicating, in dicta, that many appeals from Board of Equalization decisions had been filed in Laramie County, "as the location of the administrative action, ... apparently based on the fact that the Board of Equalization's offices are located in Cheyenne"). Mr. McCallister does not identify any hearing or other OAH action that occurred in Campbell County. He also does not cite to any authority establishing that an agency takes action by listing a location on a pleading if there is no showing that the agency actually did anything at that location. Consequently, there is nothing to indicate the OAH decision upholding the Division's denial of benefits to Mr. McCallister (the agency action) was "taken" in Campbell County. Campbell County is only connected to this case because that is where the injury occurred, and the claimant was originally treated at the hospital in Gillette. The record does not indicate that any administrative action happened in Campbell County.
[¶48] Furthermore, the pleadings do not show that Mr. McCallister filed his petition for review in Campbell County because that is where the administrative action occurred. Mr. McCallister stated that he was "employed by Robinson Profiling & Grinding, LLC ... in Campbell County, Wyoming at the time of the injury" as his basis for designating Campbell County as the "venue" for judicial review. While we agree the caption of Mr. McCallister's administrative case may have been confusing because it listed Campbell County, § 16-3-114(a) cannot be read as stating that an aggrieved party is entitled to judicial review in the county where he was employed or the county where the injury occurred.
[¶49] Mr. McCallister does not point to anything in the record indicating the OAH took agency action in Campbell County. He also does not provide any legal authority that an agency takes action in a county simply by naming the county in the caption. The administrative action he appealed was the OAH decision issued in Laramie County after the "in-person contested case hearing" conducted in the same county. Under § 16-3-114(a), the district court in Laramie County and the district court in the county of Mr. McCallister's residence, Albany County, had jurisdiction for judicial review of the OAH decision. The district court in Campbell County did not have jurisdiction.
CONCLUSION
[¶50] Mr. McCallister was required to file his petition for judicial review in a district *1091 court with jurisdiction under § 16-3-114(a). The district courts with jurisdiction in this case were in Laramie County and Albany County. The district court in Campbell County was not one of the courts designated in § 16-3-114(a) and did not have subject matter jurisdiction over Mr. McCallister's administrative appeal. We, likewise, lack jurisdiction. Consequently, we dismiss this action and vacate the district court's order.

The hearing examiner did not agree with the Division's denial of Mr. McCallister's requests for extra TENS unit pads and awarded those benefits. That decision is not at issue in this appeal.

Rule 12.09(b) states:
(b) Upon such review, or in response to a motion for certification or interlocutory appeal by any party within 30 days of the filing of the petition for review and after allowing fifteen (15) days from service for response, the district court may, as a matter of judicial discretion, certify the case to the supreme court. In determining whether a case is appropriate for certification, the district court shall consider whether the case involves:
(1) a novel question;
(2) a constitutional question;
(3) a question of state-wide impact;
(4) an important local question which should receive consideration from the district court in the first instance;
(5) a question of imperative public importance; or
(6) whether an appeal from any district court determination is highly likely such that certification in the first instance would serve the interests of judicial economy and reduce the litigation expenses to the parties.

The statute was also amended in 1979, but those changes do not affect our analysis. See Laws 1979, ch. 58, § 1, codified at W.S. 1977 § 9-4-114 (Supp. 1979).

Prior to the adoption of W.R.A.P. 12, the proceedings for judicial review were set out in W.R.C.P. 72.1. Rule 72.1 (c) and (f) referred to venue in the same way as Rules 12.03 and 12.06 do.

The record contains three "Notices of Referral for Hearing" sent to the OAH by the Division. Those documents do not include "Campbell County" in any caption. On the bottom of the notices, there are handwritten notations that state: "Campbell/Cheyenne." The Division's hearing exhibits include a copy of one of the same referrals that does not have the handwritten notations. It appears, therefore, that the notations were made by the OAH after receiving the referrals from the Division. We do not know who made the notations, when they were made, or what they mean.