2008 WY 27

**Alan BLANTON, Appellant (Defendant),**

v.

**The STATE of Wyoming,
Appellee (Plaintiff).**

**No. S–07–0090.**

Supreme Court of Wyoming.

March 11, 2008.

Representing Appellant: Robert T. Moxley, Robert T. Moxley, P.C., Cheyenne, Wyoming.

Representing Appellee: Bruce A. Salzburg, Attorney General; Terry L. Armitage, Deputy Attorney General; D. Michael Pauling, Senior Assistant Attorney General; James Michael Causey, Assistant Attorney General.

Before VOIGT, C.J., and GOLDEN, HILL, KITE, and BURKE, JJ.

BURKE, Justice.

[¶ 1] Alan Blanton pleaded guilty to felony property destruction in violation of Wyo. Stat. Ann. § 6–3–201.[1] As a first time offender, his prosecution was deferred pursuant to Wyo. Stat. Ann. § 7–13–301,[2] and he was placed on probation. The State later petitioned to revoke his probation, enter his guilty plea, and impose sentence. The district court never held a hearing on the State's petition, but instead, entered an order purporting to "transfer" the case to the circuit court judge for "disposition" in the drug court. After a hearing, the circuit court judge revoked Mr. Blanton's probation, and accepted his guilty plea. Mr. Blanton was placed on probation a second time, with the additional requirement that he complete a drug court treatment program. When he failed to accomplish that, the circuit court judge revoked his probation again, and imposed the underlying prison sentence. Mr. Blanton appeals the decision revoking his second probation.

[¶ 2] Our review of the record reveals that the order revoking Mr. Blanton's first probation was invalid. That prevents us from reaching the merits of Mr. Blanton's

---

1. The version of the statute effective when Mr. Blanton was charged, Wyo. Stat. Ann. § 6–3–201 (LexisNexis 2003), read as follows:

    (a) A person is guilty of property destruction and defacement if he knowingly defaces, injures or destroys property of another without the owner's consent.
    (b) Property destruction and defacement is:
    . . .
    (iii) A felony punishable by imprisonment for not more than ten (10) years, a fine of not more than ten thousand dollars ($10,000.00), or both, if the cost of restoring injured property or the value of the property if destroyed is five hundred dollars ($500) or more.

2. Wyo. Stat. Ann. § 7–13–301:

    (a) If a person who has not previously been convicted of any felony is charged with or is found guilty of or pleads guilty or no contest to . . . any felony except murder, sexual assault in the first or second degree, aggravated assault and battery or arson in the first or second degree, the court may, with the consent of the defendant and the state and without entering a judgment of guilt or conviction, defer further proceedings and place the person on probation for a term not to exceed five (5) years upon terms and conditions set by the court. . . .
    (b) If the court finds that the person has fulfilled the terms of probation and that his rehabilitation has been attained to the satisfaction of the court, the court may at the end of five (5) years, or at any time after the expiration of one (1) year from the date of the original probation, discharge the person and dismiss the proceedings against him.

appeal of the revocation of his second probation. We must remand the case for further proceedings in the district court.

### ISSUE

[¶ 3] The dispositive issue is whether the judge who revoked Mr. Blanton's first probation had jurisdiction to do so.

### FACTS

[¶ 4] In 2003, Mr. Blanton was charged with felony property destruction. As a first time offender, he was eligible for deferred prosecution pursuant to Wyo. Stat. Ann. § 7–13–301. Accordingly, the district court accepted Mr. Blanton's guilty plea but, in lieu of entering the plea and sentencing him, placed him on probation for five years. The charges against Mr. Blanton could have been dismissed if he had successfully completed probation. However, after he tested positive for controlled substances four times during 2005, the State petitioned the district court to revoke his probation. The district court did not consider this petition, but instead entered the following order:

> **THE ABOVE–ENTITLED MATTER** having come before the Court upon request for the matter to be assigned to Drug Court,
>
> **IT IS HEREBY ORDERED** that pursuant to W.S. 5–3–112, the above-entitled matter is hereby transferred to Circuit Court Judge Denise Nau for disposition in Laramie County Drug Court.

[¶ 5] The circuit court judge held a hearing on the petition to revoke Mr. Blanton's probation. The capacity in which she was acting is unclear. The transcript of the hearing is captioned "IN THE DISTRICT COURT FIRST JUDICIAL DISTRICT," but indicates it is a transcript of proceedings of the "LARAMIE COUNTY DRUG COURT," then notes that hearing was held before "THE HONORABLE DENISE NAU Circuit Court Judge Presiding." The judge revoked Mr. Blanton's probation, accepted and entered his guilty plea, and sentenced him to two to four years in prison. That sentence was suspended, and Mr. Blanton was placed back on probation for a period of three years.

One condition of this probation was completion of the Laramie County Drug Court treatment program. The written judgment is captioned "IN THE CIRCUIT COURT OF LARAMIE COUNTY," but the judge's signature is designated "DENISE NAU, DRUG COURT JUDGE."

[¶ 6] Nearly a year later, Mr. Blanton was terminated from the Drug Court treatment program, and the State again petitioned to revoke his probation. Although the petition was filed in the district court, the proceedings were again held before the circuit court judge. Mr. Blanton's probation was revoked, and the underlying prison sentence was imposed. This order was captioned "IN THE DISTRICT COURT FIRST JUDICIAL DISTRICT," but the signature was designated as "DENISE NAU, CIRCUIT JUDGE." Mr. Blanton appeals from that order. He has been released on bond pending the outcome of his appeal.

### DISCUSSION

[¶ 7] Our inherent power and duty to address jurisdictional defects on appeal requires us to consider jurisdictional questions whether or not they are raised by the parties. *Robbins v. South Cheyenne Water & Sewage Dist.*, 792 P.2d 1380, 1384 (Wyo. 1990). The facts reviewed above demonstrate significant confusion regarding the proper jurisdiction of a judge sitting as either the circuit court or the drug court. We therefore begin with a review of the respective jurisdictions and functions of the district court, the circuit court, and the drug court.

### District Court

[¶ 8] Mr. Blanton was charged with a felony, a case squarely within the jurisdiction of the district court. District courts are our state courts of general jurisdiction. *Urbach v. Urbach*, 52 Wyo. 207, 224, 73 P.2d 953, 960 (1937). They derive their judicial powers from the Wyoming Constitution:

> The judicial power of the state shall be vested in the senate, sitting as a court of impeachment, in a supreme court, district courts, and such subordinate courts as the

legislature may, by general law, establish and ordain from time to time.

Wyo. Const. art. 5, § 1. They have original jurisdiction over all cases, excepting only cases placed within the exclusive jurisdiction of another court:

> The district court shall have original jurisdiction of all causes both at law and in equity and in all criminal cases, of all matters of probate and insolvency and of such special cases and proceedings as are not otherwise provided for. The district court shall also have original jurisdiction in all cases and of all proceedings in which jurisdiction shall not have been by law vested exclusively in some other court.

Id., art. 5, § 10. The district court properly exercised its jurisdiction when it deferred Mr. Blanton's prosecution and placed him on probation.

[¶ 9] When the State petitioned to revoke Mr. Blanton's probation, however, the district court declined to hear the matter. Instead, it issued this order:

> **THE ABOVE–ENTITLED MATTER** having come before the Court upon request for the matter to be assigned to Drug Court,
>
> **IT IS HEREBY ORDERED** that pursuant to W.S. 5–3–112, the above-entitled matter is hereby transferred to Circuit Court Judge Denise Nau for disposition in Laramie County Drug Court.

For reasons explored below, this order was not successful in placing Mr. Blanton's case within the jurisdiction of either the circuit court or the drug court.

### Circuit Court

[¶ 10] Circuit courts are, in the language of the Wyoming Constitution, "such subordinate courts as the legislature may, by general law, establish and ordain from time to time." Wyo. Const. art. 5, § 1. Circuit courts have "original jurisdiction in all misdemeanor criminal cases." Wyo. Stat. Ann. § 5–9–129.

Circuit courts do not have original jurisdiction over felony cases.

[¶ 11] Although the district court's order purported to "transfer" Mr. Blanton's case to the circuit court judge, there is no statute, rule, or other provision of law providing for such a transfer. Arguably, the district court intended to assign the case pursuant to Wyo. Stat. Ann. § 5–3–112, which allows a district court judge, with certain limitations, to "assign to a circuit court judge any case or proceeding within the jurisdiction of the district court." However, when a case is assigned under Wyo. Stat. Ann. § 5–3–112, the case remains pending in the district court. The circuit court judge acts as a substitute district court judge, exercising the jurisdiction and authority of the district court.[3] The district court's transfer order was inconsistent with this procedure because it purported to "transfer" Mr. Blanton's case "for disposition in Laramie County Drug Court." The language of the order is ambiguous, and we cannot determine what the district court intended to accomplish by a "transfer" of the case for "disposition" by the drug court.

[¶ 12] More importantly, the circuit court judge did not treat the case as one assigned from the district court under Wyo. Stat. Ann. § 5–3–112. She proceeded to hear Mr. Blanton's case, not as a substitute district court judge, but as a judge of either the circuit court or the drug court. The circuit court, however, had neither original jurisdiction nor properly assigned jurisdiction to revoke Mr. Blanton's probation, to enter his guilty plea, to sentence him, or to revoke his probation again and impose the underlying prison sentence.

### Drug Court

[¶ 13] The district court's order purported to transfer Mr. Blanton's case for "disposition" in the drug court. The term disposition means "the sentencing or other final settlement of a criminal case." *Black's Law*

---

3. This is the same process as when a district court judge assigns a case to a district court judge from another judicial district. The assigned district court judge may "hear, try and determine" the case, but in doing so, exercises "the jurisdiction, power and authority possessed by the judge of the district court of the district whereto he is called to act as judge." Wyo. Stat. Ann. § 5–3–106.

*Dictionary* 471 (6th ed.1990). The drug court does not have authority to make a "disposition" in any case. Indeed, calling it a "court" may be a misnomer, because it is not an "organ of the government, belonging to the judicial department, whose function is the application of the laws to controversies brought before it and the public administration of justice." *Id.* at 352. Drug courts were established to serve entirely different purposes:

> (a) The legislature recognizes that a critical need exists in this state for criminal justice system programs that will break the cycle of drug and alcohol abuse and addiction and the crimes committed as a result of drug and alcohol abuse and addiction. Local drug court programs shall be facilitated for the purpose of:

> (i) Providing sentencing options for the judicial system to dispose of cases stemming from drug use; and

> (ii) Combining judicial supervision, supervised probation, drug testing, treatment, after-care and monitoring of drug court participants.

> (b) The goals of the drug court programs funded under this article include the following:

> (i) To reduce alcoholism and other drug dependency among offenders;

> (ii) To reduce recidivism rates in both drug use and criminal activity;

> (iii) To reduce the drug related court workload;

> (iv) To increase the personal, familial and societal accountability of offenders; and

> (v) To promote effective interaction and use of resources among criminal justice personnel, state agencies and community agencies.

Wyo. Stat. Ann. § 5–10–101.

[¶ 14] Accordingly, the duties of a drug court judge are quite different from those of a district court judge or a circuit court judge:

> Judges in drug courts assume a fundamentally different role than the one typically played by judges. Traditionally, judges are to be objective decision-makers. They are to perform their duties impartially and diligently. Judges are to decide matters based on the evidence presented to them in court, with all parties present and given an opportunity to participate. That role changes in drug court.

> Instead of acting as a dispassionate decision-maker, a drug court judge generally takes an active part in developing and supervising drug court participants' treatment plans. As part of the plans, drug court participants make frequent appearances before the court for reinforcement or sanctions. As a consequence, the drug court judge's role is transformed into one of ensuring that the treatment plan is both available and followed by the participant. Accordingly, the judge generally becomes much more involved in monitoring the participant's progress, or lack thereof, than a judge typically does. Whether that is good or bad is an issue unto itself. There can be no doubt, however, that an important change in the judge's role occurs.

John M. Burman, *Juvenile Injustice in Wyoming,* 4 Wyo. L.Rev. 669, 694–95 (2004) (internal citations and punctuation omitted). As the circuit court judge accurately observed during one hearing in Mr. Blanton's case, "the drug court program is a sentencing alternative and is no different from something such as ACC [Adult Community Corrections] or ISP [Intensive Supervised Probation]." The drug court had the authority to, and did, participate in Mr. Blanton's treatment while on probation. It did not have jurisdiction to revoke his probation, enter his guilty plea, sentence him, then revoke his probation again and impose the underlying prison sentence.

### CONCLUSION

[¶ 15] The district court did not rule on the State's petition to revoke Mr. Blanton's probation the first time. The circuit court did not have original jurisdiction to hear the felony case, and it was not validly assigned jurisdiction by the district court. The drug court lacked jurisdiction or authority to make any "disposition" of Mr. Blanton's case. Because the circuit court and drug court lacked subject matter jurisdiction, "any decision, judgment or other order" made by either

court "is, as a matter of law, utterly void and of no effect for any purpose." *Wooster v. Carbon County Sch. Dist. No. 1,* 2005 WY 47, ¶ 33, 109 P.3d 893, 902 (Wyo.2005) (Burke, J., dissenting); *Routh v. State ex rel. Workers' Comp. Div.,* 952 P.2d 1108, 1114 (Wyo.1998). The order revoking Mr. Blanton's first probation is therefore void. Subsequently, the acceptance of his guilty plea, his sentencing, his being placed on probation a second time, and the revocation of that second probation and the imposition of the underlying prison sentence, are all void and of no effect.

[¶ 16] On remand, Mr. Blanton's case takes the same posture it had immediately prior to the district court's invalid transfer order. Mr. Blanton has pleaded guilty. The district court has accepted that plea, but pursuant to Wyo. Stat. Ann. § 7–13–301, deferred the prosecution and placed Mr. Blanton on probation for a period of five years. The State has petitioned to revoke Mr. Blanton's probation based on allegations that, on four occasions during 2005, he tested positive for controlled substances. From this point, the district court and the parties must determine how to proceed.

[¶ 17] We reverse the district court's order purporting to "transfer" the case for "disposition" by the drug court. All subsequent orders entered by the circuit judge are void. We remand to the district court for further proceedings consistent with this opinion.