# IN THE SUPREME COURT, STATE OF WYOMING

## 2023 WY 59A

APRIL TERM, A.D. 2023

July 14, 2023

BRYAN A. SKORIC, Park County and
Prosecuting Attorney,

and

STATE OF WYOMING, by and through
Bryan A. Skoric, Park County and
Prosecuting Attorney, Relator,

Appellants
(Plaintiffs),

v.

PARK COUNTY CIRCUIT COURT, FIFTH
JUDICIAL DISTRICT, Honorable S. Joseph
Darrah presiding,

Appellee
(Defendant).

S-22-0231

*W.R.A.P. 11 Certified Question*
*from the District Court of Park County*
**The Honorable Bobbi Dean Overfield, Judge**

*Representing Appellant:*
   Bryan A. Skoric, Park County Prosecuting Attorney; Jack R. Hatfield II, Deputy
   Park County Attorney, Cody, Wyoming. Argument by Mr. Hatfield.

*Representing Appellee:*
   Bridget L. Hill, Attorney General; Brandi Lee Monger, Deputy Attorney General.
   Argument by Ms. Monger.

*Before FOX, C.J., and KAUTZ, BOOMGAARDEN, GRAY, and FENN JJ.*

**NOTICE: This opinion is subject to formal revision before publication in Pacific Reporter Third. Readers are requested to notify the Clerk of the Supreme Court, Supreme Court Building, Cheyenne, Wyoming 82002, of any typographical or other formal errors so that correction may be made before final publication in the permanent volume.**

**BOOMGAARDEN, Justice.**[1]

[¶1]    We agreed to answer a certified question about circuit court jurisdiction to address the competency of criminal defendants in felony cases pursuant to Wyo. Stat. Ann. § 7-11-303 (LexisNexis 2021).  We conclude the statute expressly grants circuit courts jurisdiction to address competency and suspend preliminary hearings in felony cases.

## CERTIFIED QUESTION

[¶2]    The certified question we are answering is:

> Does the circuit court have jurisdiction to address the competency of a person charged with a felony pursuant to Wyo. Stat. Ann. § 7-11-303 before they are bound over to the district court?

## FACTS

[¶3]    Our answer to the certified question is not dependent on factfinding.  *Sinclair Wyo. Refin. Co. v. Infrassure, Ltd.*, 2021 WY 65, ¶ 10, 486 P.3d 990, 994 (Wyo. 2021) (citations omitted).  The facts of this case are uncontested.  A defendant, Mr. Underwood, was charged in Park County with two felonies and two misdemeanors.  The circuit court set the matter for a preliminary hearing.  Before that preliminary hearing occurred, defense counsel moved for a competency evaluation pursuant to Wyo. Stat. Ann. § 7-11-303.  The State timely moved the circuit court to take judicial notice of an unpublished decision letter from the district court in Park County in a different case.  That unpublished decision held circuit courts do not have jurisdiction in felony cases to determine competency or to suspend proceedings pending competency evaluations.  The circuit court vacated Mr. Underwood's preliminary hearing and set a briefing deadline.

[¶4]    After briefing and a hearing, the circuit court granted defendant's motion for a competency evaluation.  The circuit court also suspended proceedings until the return of the competency evaluation.  After receiving the evaluation submitted by the Wyoming State Hospital, Defendant moved for a second evaluation and that motion was granted.

[¶5]    While the first competency evaluation was pending, the prosecutor filed a separate action seeking a writ of mandamus to compel the circuit court to hold a preliminary hearing.  The district court did not address the writ and instead issued an order certifying this matter to us pursuant to W.R.A.P. 11.01.  We accepted the matter and modified the question to be answered.

---

[1] The opinion published in *Skoric v. Park County Circuit Court,* 2023 WY 59, published on June 8, 2023, is amended by this opinion. The earlier opinion has no further force or effect.

1

## *STANDARD OF REVIEW*

[¶6]    Certified questions are governed by Rule 11 of the Wyoming Rules of Appellate Procedure.  Rule 11.01 allows us to answer pure questions of law where there is no controlling precedent.  *Sinclair Wyo. Refin. Co.*, ¶ 10, 486 P.3d at 994 (citations omitted).  The question of law presented here requires us to interpret Wyo. Stat. Ann. § 7-11-303.  Statutory interpretation is a question of law subject to de novo review.  *Delcon Partners LLC v. Wyoming Dep't of Revenue*, 2019 WY 106, ¶ 7, 450 P.3d 682, 684 (Wyo. 2019) (citations omitted).

## *DISCUSSION*

[¶7]    Circuit courts are courts of limited jurisdiction.  *See, e.g.*, *Circuit Court of Eighth Jud. Dist. v. Lee Newspapers*, 2014 WY 101, ¶ 35, 332 P.3d 523, 533 (Wyo. 2014).  Their jurisdiction is solely that conferred by the legislature.  *Id.*  Circuit courts have original jurisdiction over misdemeanors.  Wyo. Stat. Ann. § 5-9-129.  Circuit courts do not have original jurisdiction over felony cases; the district courts do.  *Blanton v. State*, 2008 WY 27, ¶¶ 8–10, 178 P.3d 410, 412 (Wyo. 2008).  However, the legislature has conferred jurisdiction to the circuit courts to hold preliminary hearings in felony cases.  Wyo. Stat. § 5-9-132(b).  Then, if probable cause is found to support the charges, the matter is bound over to district court for arraignment and all other matters.  W.R.Cr.P. 5.1(b).  When a competency evaluation is ordered, Wyo. Stat. Ann. § 7-11-303(a) and the due process protections of the United States and Wyoming constitutions require the suspension of all proceedings until competency is determined.  *E.g.*, *Vlahos v. State*, 2022 WY 129, ¶ 49, 518 P.3d 1057, 1070 (Wyo. 2022) (citations omitted).  As a result, the preliminary hearing can be delayed.

[¶8]    We have reviewed felony cases where a circuit court ordered a competency evaluation prior to a preliminary hearing.  *E.g.*, *Follett v. State*, 2006 WY 47, ¶¶ 4–6, 132 P.3d 1155, 1157–58 (Wyo. 2006) (evaluating whether a district court must sua sponte order another competency evaluation after a case is bound over where the defendant does not request a second evaluation).  We have not, however, been asked to address whether circuit courts have jurisdiction to order a competency evaluation in a felony case.  Wyo. Stat. Ann. § 7-11-303 states, in pertinent part:

> (a) If it appears **at any stage of a criminal proceeding**, by motion or upon **the court's** own motion, that there is reasonable cause to believe that the accused has a mental illness or deficiency making him unfit to proceed, all further proceedings shall be suspended.

Wyo. Stat. Ann. § 7-11-303(a) (emphasis added).  The remaining subsections of the statute describe the mechanics of the competency evaluation.  *Id.* § 7-11-303(b)–(j).

2

[¶9]   Our primary consideration in construing statutes is to determine the intent of the legislature. *Amoco Prod. Co. v. Dep't of Revenue*, 2004 WY 89, ¶ 34, 94 P.3d 430, 444 (Wyo. 2004). "We first look at the plain language used by the legislature. If the statute is sufficiently clear and unambiguous, the Court simply applies the words according to their ordinary and obvious meaning." *In re BG*, 2023 WY 40, ¶ 10, 528 P.3d 402, 407 (Wyo. 2023). A statute is clear and unambiguous if "its wording is such that reasonable persons are able to agree on its meaning with consistency and predictability." *Id.* (quoting *Spence v. Sloan*, 2022 WY 96, ¶¶ 34–35, 515 P.3d 572, 581–82 (Wyo. 2022)). Dictionary definitions may be used to determine the plain and ordinary meaning of statutory language. *Belle Fourche Pipeline Co. v. State*, 766 P.2d 537, 542 (Wyo. 1988). We must also consider statutory language *in pari materia*, which means "we construe statutes as a whole, giving effect to every word, clause, and sentence, and we construe together all parts of the statutes on the same subject." *E.g.*, *BG*, ¶ 10, 528 P.3d at 407 (quoting *Spence*, ¶¶ 34–35, 515 P.3d at 581–82); *Hill v. Value Recovery Grp., L.P.*, 964 P.2d 1256, 1258 (Wyo. 1998); *see also Parker Land & Cattle Co. v. Wyoming Game & Fish Comm'n*, 845 P.2d 1040, 1042–43 (Wyo. 1993) (identifying the obligation to find the plain and obvious meanings of words and also to construe those same words *in pari materia*).

[¶10]   The operative language in Wyo. Stat. Ann. § 7-11-303(a) necessary to answer the certified question is the clause "any stage of a criminal proceeding." As we have repeatedly held that a preliminary hearing is a "critical stage" of a "criminal proceeding," there can be no doubt that a preliminary hearing is a "stage" of a "criminal proceeding." *E.g.*, *Coleman v. State*, 2005 WY 69, ¶ 8, 115 P.3d 411, 413 (Wyo. 2005) (citation omitted); *Wilson v. State*, 655 P.2d 1246, 1250 (Wyo. 1982); *see also Coleman v. Alabama*, 399 U.S. 1, 9, 90 S. Ct. 1999, 26 L. Ed. 2d 387 (1970). We therefore move on to consider the word "any."

[¶11]   The legislature's use of the term "any" is significant. "Any" means "one or some indiscriminately of whatever kind." *Any*, Merriam-Webster (2023 ed). "Any" is also defined as "one, some, or all indiscriminately of whatever quantity." *Id.* Thus, the plain and ordinary meaning of "any stage" is one, some, or all of the several stages of a criminal proceeding. The preliminary hearing and the period preceding it fall clearly within the plain and ordinary meaning of that phrase. No technical definition is needed or appropriate. Under the express language of Wyo. Stat. Ann. § 7-11-303(a), competency may be raised prior to the occurrence of the preliminary hearing and therefore addressed by the circuit court with the result that the preliminary hearing be suspended. Wyo. Stat. Ann. § 7-11-303(a) ("If . . . there is reasonable cause to believe that the accused has a mental illness or deficiency making him unfit to proceed . . . all further proceedings shall be suspended.").

[¶12]   The legislature's reference to "the court" when describing which court may order a competency evaluation further confirms our determination that the authority to order a competency evaluation is not limited to district courts. The legislature specified neither the circuit court nor the district court. It referred simply to "the court." In conducting an

3

*in pari materia* review, *e.g.*, *BG*, ¶10, 528 P.3d at 407 (citation omitted), we note "court" is not a defined term. Wyo. Stat. Ann. § 7-11-301. The legislature refers generally to "the court" throughout the subdivisions of Wyo. Stat. Ann. § 7-11-303 and all sections in the same Act. *See* Wyo. Stat. §§ 7-11-301 to -307. Thus, reading the Act as a whole, we found nothing to indicate the legislature intended to limit the authority afforded in Wyo. Stat. Ann. § 7-11-303(a) to a specific "court."

[¶13] To the contrary, pertinent legislative history shows that prior to 1985 the final sentence of this statute read:

> If the question is raised in a court other than the district court,
> the proceeding shall be suspended and the matter transferred to
> the district court.

Wyo. Stat. Ann. § 7-242.3 (Cum. Supp. 1975). That sentence was excised in a set of comprehensive amendments. Dig. Senate & House J., 48th Leg., Senate File 0050, at 75 (1985), *enacted at* 1985 Wyo. Sess. Laws, ch. 147, § 2. The word "district" was also deleted from the phrase "district court" throughout the rest of the Act. *Id.* at 74–91. The legislature's stated purpose for these amendments included "eliminating the requirement that pleas of insanity be handled exclusively in district court." *Id.* at 2–3. Though it is rarely available, we can look to legislative history "to confirm the legislative intent reflected in the statute's plain language." *E.g.*, *In re Gifford*, 2013 WY 54, ¶ 12, 300 P.3d 852, 856 (Wyo. 2013); *Parker Land & Cattle*, 845 P.2d at 1045 ("If we determine that the meaning is not subject to varying interpretations, that may end the exercise, although we may resort to extrinsic aids of interpretation, such as legislative history if available and rules of construction, to confirm the determination."). Here, legislative history offers direct evidence the legislature intended that the plain language it used gives circuit courts jurisdiction to determine competency.

[¶14] Finally, we presume that when the legislature enacted Wyo. Stat. Ann. § 7-11-303(a) it had full knowledge of and intended a result consistent with existing law. *E.g.*, *Seherr-Thoss v. Teton Cnty. Bd. of Cnty. Comm'rs*, 2014 WY 82, ¶ 17, 329 P.3d 936, 944 (Wyo. 2014) ("[T]o ascertain the intent of the legislature regarding the proper construction, we are guided by the fact that the legislature is presumed to have intended a reasonable, just, and constitutional result." (citation omitted)). The plain language of Wyo. Stat. Ann. § 7-11-303(a) comports with procedural and constitutional law.

[¶15] For example, defendants have a right to counsel at a preliminary hearing, *e.g.*, *Coleman*, ¶ 8, 115 P.3d at 413; *Wilson*, 655 P.2d at 1250, and a right to be present at that hearing. W.R.Cr.P. 43(a). During the preliminary hearing, a defendant can introduce evidence and cross-examine witnesses to, among other things: raise doubt as to whether probable cause exists; illicit testimony for impeachment or other purposes at a later stage; and discover information to assist in preparation for trial. W.R.Cr.P. 5.1(a); *Coleman*, 399

4

U.S. at 9. Competence to consult with and assist counsel is axiomatic and accompanies the right to have counsel. *E.g.*, *Godinez v. Moran*, 509 U.S. 389, 402, 113 S. Ct. 2680, 125 L. Ed. 2d 321 (1993) ("Requiring that a criminal defendant be competent has a modest aim: It seeks to ensure that he has the capacity to understand the proceedings and to assist counsel."); *Drope v. Missouri*, 420 U.S. 162, 171, 95 S. Ct. 896, 43 L. Ed. 103 (1975) ("[A] person whose mental condition is such that he lacks the capacity to understand the nature and object of the proceedings against him, to consult with counsel, and to assist in preparing his defense may not be subjected to a trial."); *Dusky v. United States*, 362 U.S. 402, 80 S. Ct. 788, 4 L. Ed. 2d 824 (1960) ("[T]he 'test must be whether [a defendant] has sufficient present ability to consult with his lawyer with a reasonable degree of rational understanding[.]'").

[¶16] The right to be competent does not derive from the Sixth Amendment right to counsel but is an attendant right arising from due process. *Ryan v. Gonzales*, 568 U.S. 57, 65–66, 133 S. Ct. 696, 184 L. Ed. 2d 528 (2013) (citations omitted). Competence is thus a threshold issue, the resolution of which is necessary to prevent a due process violation. *Hayes v. State*, 599 P.2d 558, 563 (Wyo. 1979) (citations omitted); *Medina v. California*, 505 U.S. 437, 446, 112 S. Ct. 2572, 120 L. Ed. 2d 353 (1992) (discussing the common law history of competence in criminal proceedings). The legislature's prescription of "any stage of a criminal proceeding" in Wyo. Stat. Ann. § 7-11-303(a), with no limitation on which "court" may address competency, ensures that a defendant's ability to consult with and assist counsel at the preliminary hearing—a critical stage of the proceeding—is secured.

## *CONCLUSION*

[¶17] The plain language of Wyo. Stat. Ann. § 7-11-303(a) confers jurisdiction to circuit courts to address the competency of a person charged with a felony before they are bound over to the district court.

5